## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| TECH-4-KIDS, INC. | ) |
| 1200 Aerowood Drive, Unit 28 | ) |
| Mississauga, Ontario | ) |
| Canada   L4W 2S7. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| vs. | ) |
| | ) |
| SPORT DIMENSION, INC. | ) JURY TRIAL DEMANDED |
| 966 Sandhill Avenue | ) |
| Carson, California 90746 | ) |
| | ) |
| COSTCO WHOLESALE CORP. | ) |
| Corporate Office | ) |
| 999 Lake Drive | ) |
| Issaquah, WA 98027 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff Tech-4-Kids, Inc. by and through its attorneys, for its Complaint against Defendants Sport Dimension, Inc. and Costco Wholesale Corporation, states as follows:

### INTRODUCTION

1. This case arises out the blatant, unlawful and malicious misappropriation of the valuable intellectual property of Plaintiff Tech-4-Kids, Inc. by one of its competitors, Sport Dimension Inc., that pretended to be a friendly distributer in order to extract confidential information and steal Tech-4-Kidsø intellectual property.  Sport Dimension used this ill-gotten confidential information to illegally imitate the patented products of Tech-4-Kids and sell them through Costco.

## PARTIES

2. Plaintiff Tech-4-Kids, Inc. ("Tech-4-Kids"), is a corporation organized under the laws of the Province of Ontario, Canada, having its principal place of business at 1200 Aerowood Drive, Unit 28, Mississauga, Ontario, Canada  L4W 2S7.  Tech-4-Kids owns the entire right, title, and interest in U.S. Design Patent No. D647,427, issued 25 October 2011, by virtue of an assignment from the inventors to Tech-4-Kids executed on 18 October 2011, which was recorded in the U.S. Patent Trademark Office on 18 November 2011 on reel 027250 at frame 0569.

3. On information and belief, Defendant Sport Dimension, Inc. ("Sport Dimension"), is a corporation organized under the laws of the State of California, having its principal place of business at 966 Sandhill Avenue, Carson, California 90746.

4. On information and belief, Defendant Costco Wholesale Corporation ("Costco) is a company organized under the laws of the State of Washington, having its principal place of business at 999 Lake Drive, Issaquah, Washington 98027.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a foreign state and citizens of different States.

6. This Court has jurisdiction of Count One of this action under 28 U.S.C. §§ 1331 and 1338(a) because the claims asserted in Count One arise under an Act of Congress relating to patents.

7. This Court has supplemental jurisdiction over Count Two of this action in that the claims asserted in Count Two are so related to the claims asserted in Count One that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Sport Dimension because Sport Dimension is doing and has done substantial business in this judicial district and has committed acts of infringement, and other acts complained of herein, in this judicial district.

9. This Court has personal jurisdiction over Costco because Coscto is doing and has done substantial business in this judicial district and has committed acts of infringement, and other acts complained of herein, in this judicial district.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Sport Dimension has committed acts of infringement and does business in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Costco has committed acts of infringement and does business in this District.

## BACKGROUND

12. Tech-4-Kids designs, manufactures and sells innovative snow sleds. Over the past five years, Tech-4-Kids has spent approximately $300,000 and numerous man hours developing and testing sled designs, as well as the production and marketing thereof. The Tech-4-Kids sled design is unlike any previous sled design and opens up an entirely new market.

13. On 4 October 2010, Tech-4-Kids filed a U.S. design patent application serial No. 29/376,262 in the U.S. Patent and Trademark Office. On 25 October 2011, U.S design patent no. D647,427 (‑427 Patent) issued claiming a Rideable Snow Sled Design ("Patented Sled Design"). A true and correct copy of the ‑427 patent is attached as Exhibit A. Tech-4-Kids designed, manufactured, marketed, and currently sells and offers for sale in the U.S sleds in

accordance with the Patented Sled Design.   Photographs of the commercially available Tech-4-Kids sled are attached in Exhibit B.

14. Sport Dimension, upon information obtained from its website, for the last 40 years has been in the business of "design[ing] and produc[ing] innovative, quality products with our focus on wetsuits, flotation vests, and body boards." Sport Dimension's website does not mention or disclose any snow sleds, snow related products or knowledge thereof.

15. In order to quickly enter the newly developed snow sled market, Sport Dimension pretended to be an interested distributor and partner of Tech-4-Kids to obtain the considerable snow sled knowledge developed by Tech-4-Kids.  During March 2009, Tech-4-Kids and Sport Dimension set up a confidential relationship, during which confidential business information ("Confidential Business Information"), including pricing, marketing, sales information, and know-how regarding the manufacture, design and use of Tech-4-Kids' snow sled and the now Patented Sled Design was transferred from Tech-4-Kids to Sport Dimension.

16. After obtaining this Confidential Business information, on 17 March 2009, Sport Dimension advised Tech-4-Kids that the negotiated pricing and other terms were acceptable, and requested samples of Tech-4-Kids' sleds covered by the Patent Sled Design.  In good faith reliance upon Sport Dimension's statements, Tech-4-Kids provided Sport Dimension with these sleds.

17. To the surprise of Tech-4-Kids, once Sport Dimension extracted all of the Confidential Business Information possible from Tech-4-Kids, Sport Dimension abruptly ended discussions with Tech 4 Kids, then copied Tech-4-Kids' now Patented Sled Design and used the Confidential Business Information to manufacture, import, sell and offer for sale a knock-off

sled ("Sport Dimension Sled") through Costco that infringes the Patented Sled Design of the '427 Patent. A photograph of the Sport Dimension Sled is attached in Exhibit C.

18. The Sport Dimension Sled is so similar to Tech-4-Kids' Patented Sled Design that a purchaser familiar with the prior art would be deceived by the similarity between the Patented Sled Design and the Sport Dimension Sled, inducing the purchaser to purchase the Sport Dimension Sled supposing it to be Tech 4 Kids' sled. The U.S. Patent Examiner that issued the '427 Patent did not uncover any close prior art so the novel Patented Sled Design is not limited by any prior art. Furthermore, there are no commercially available snow sleds that look similar to the Patented Sled Design and the Sport Dimension Sled. The Sport Dimension Sled and the Patented Sled Design are a new type of snow sled that is very different from conventional sled designs and opens up a new market.

19. The Sport Dimension Sled embodies the Patented Sled Design or at the very least is a colorable imitation thereof. The minimal alterations made by Sport Dimension do not make the Sport Dimension Sled distinct from the Patented Sled Design. Looking at the overall design, an ordinary observer would consider the Sport Dimension Sled to be substantially the same as the Patented Sled Design. The minimal alterations made by Sport Dimension do not greatly alter the ornamental effect and appearance of the whole Sport Dimension Sled as compared to the whole Patented Sled Design. A claim chart comparing the infringing Sport Dimension Sled to the Patented Sled Design is attached as Exhibit D.

20. A cease-and-desist letter was sent from Tech-4-Kids to Costco on 11 October 2011, demanding that Costco stop selling and offering for sale the referenced Sport Dimension Sled after issuance of the then soon-to-be issued U.S. design patent no. D647427. As of the date of this Complaint, Tech-4-Kids has not received a response to this letter.

21.     A cease-and-desist letter was sent from Tech-4-Kids to Sport Dimensions on 12 October 2011, demanding that Sport Dimensions stop importing, using, selling and offering for sale in the U.S. the Sport Dimension Sled after issuance of the then soon-to-be issued U.S. design patent no. D647427.

22.     Sport Dimension sent a response to the cease-and-desist letter on 25 October 2011 denying infringement of the ‑427 patent and denying misappropriation of confidential information.

## COUNT ONE

### (Infringement of '427 Patent by Sport Dimension and Costco)

23.     Tech-4-Kids realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Tech-4-Kids is the sole owner of the entire right, title, and interest in the ‑427 Patent.

25.     Sport Dimension has infringed the claim of the ‑427 Patent under Section 271 of Title 35 of the U.S. Code by making, selling, and/or offering for sale in the U.S. and/or importing into the U.S. the Sport Dimension Sled, which embodies the claimed Sled Design recited in the ‑427 Patent.

26.     Costco has infringed the claim of the ‑427 Patent under Section 271 of Title 35 of the U.S. Code by selling, and/or offering for sale in the U.S. the Sport Dimension Sled, which embodies the claimed Sled Design recited in the ‑427 Patent.

27.     On information and belief, Sport Dimension will continue to infringe the ‑427 Patent unless enjoined by this Court.

28. Tech-4-Kids has been, and will continue to be, damaged and irreparably harmed by the actions of Sport Dimension, which will continue unless Sport Dimension is enjoined by this Court.

29. On information and belief, Costco will continue to infringe the ׳427 Patent unless enjoined by this Court.

30. Tech-4-Kids has been, and will continue to be, damaged and irreparably harmed by the actions of Costco, which will continue unless Sport Dimension is enjoined by this Court.

31. On information and belief, the infringement of the ׳427 Patent by Sport Dimension has been willful.

## COUNT TWO

### (Misappropriation of Confidential Business Information by Sport Dimension)

32. Tech-4-Kids realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint as though fully set forth herein.

33. The Confidential Business Information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

34. Tech-4-Kids used efforts that were reasonable under the circumstances to maintain the confidentiality of the Confidential Business Information.

35. Sport Dimension misappropriated Tech-4-Kids' Confidential Business Information by using this Confidential Business Information without Tech-4-Kids' express or implied consent even though Sport Dimension knew or had reason to know that this Confidential

Business Information was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

36. Tech-4-Kids has been damaged by Sport Dimension's misappropriation of its Confidential Business Information.

37. On information and belief, Sport Dimension will continue to use the misappropriated Confidential Business Information unless enjoined by this Court.

38. Tech-4-Kids has been, and will continue to be, damaged and irreparably harmed by the actions of Sport Dimension, which will continue unless Sport Dimension is enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Tech-4-Kids requests the following relief:

A. a preliminary and permanent injunction against Sport System, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '472 Patent.

B. a preliminary and permanent injunction against Costco, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '472 Patent.

C. a judgment holding Sport System liable for infringement of the '427 Patent.

D. a judgment holding Costco liable for infringement of the '427 Patent.

E. damages in an amount to be determined by a jury against Sport System and Costco jointly and severally for their infringement of the '427 Patent.

F.    that the infringement by Sport System of the '427 Patent be adjudged willful and Tech-4-Kids' damages to be trebled pursuant to Title 35 U.S.C. § 284.

G.    that this be adjudged an exceptional case and that Plaintiff be awarded its attorney's fees pursuant to Title 35 U.S.C. § 285.

H.    a preliminary and permanent injunction against Sport System, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued use of Tech-4-Kids' Confidential Business Information.

I.    damages in an amount to be determined by a jury against Sport System for its misappropriation of Tech-4-Kids' Confidential Business Information.

J.    that the Court grant Tech-4-Kids such other relief as it deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues triable of right by a jury.

Dated: December 5, 20011        Respectfully submitted,

/s/ Michael H. Selter
Michael H. Selter (Federal Bar No. 014316)
Jeffrey S. Melcher
MANELLI SELTER PLLC
2000 M Street, N.W., Suite 700
Washington, D.C. 20036
(202) 261.1000 (tel.)
(202) 887.0336 (fax)

Attorneys for Plaintiff
Tech-4-Kids, Inc.