**GREENBERG TRAURIG, LLP**
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiff
Tech-4-Kids, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TECH-4-KIDS, INC., a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SPORT DIMENSION, INC., a California Corporation,<br><br>Defendant. | CASE NO. 2:12-CV-06769-PA-AJW<br><br>Honorable Percy Anderson<br><br>**PLAINTIFF TECH-4-KIDS, INC.'S FIRST AMENDED COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Complaint filed: December 6, 2011<br>Trial: TBD |

FIRST AMENDED COMPLAINT [DEMAND FOR JURY TRIAL]

## FIRST AMENDED COMPLAINT

Plaintiff Tech-4-Kids, Inc. ("Plaintiff"), by its undersigned counsel, hereby brings the following First Amended Complaint ("FAC") against Defendant Sport Dimension, Inc. ("Defendant") and avers as follows:

## INTRODUCTION

1. This is an action based on Defendant's blatant, unlawful, and malicious misappropriation of Plaintiff's valuable proprietary and confidential information. Defendant pretended to be a friendly potential distributor for Plaintiff's snow bikes in order to extract Plaintiff's proprietary and confidential information. Defendant used this ill-gotten proprietary and/or confidential information to illegally imitate Plaintiff's pioneering snow bikes and sell them to Plaintiff's customers and prospective customers, thereby wrongfully interfering with Plaintiff's commercial relationships.

## THE PARTIES

2. Plaintiff Tech-4-Kids, Inc. is a corporation organized under the laws of the Province of Ontario, Canada, having its principal place of business at 1200 Aerowood Drive, Unit 28, Mississauga, Ontario, Canada L4W 2S7.

3. Upon information and belief, Defendant Sport Dimension, Inc. is a corporation organized under the laws of the State of California, having its principal place of business at 966 Sandhill Avenue, Carson, California 90746.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a foreign state and a citizen of the State of California.

5. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant resides in this judicial district, regularly transacts business in this judicial district, derives revenue from goods sold and used in this judicial district, and committed acts complained of herein in this judicial district.

FIRST AMENDED COMPLAINT [DEMAND FOR JURY TRIAL]

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)-(c). In addition, Defendant consented to transferring this action to this Court. *See* Dkts. 21 and 22.

## BACKGROUND

7. Plaintiff designs, manufactures and sells innovative toys and other products for children, including their pioneering snow bike products. Over the past five years, Plaintiff has spent approximately $300,000 and numerous man hours developing and testing snow bike designs, as well as the production and marketing of such products. Plaintiff's snow bikes are the first of their kind, are completely different in design from conventional sleds, and created an entirely new market.

8. Plaintiff designs, manufactures, markets, and currently sells snow bikes worldwide, including those depicted in Exhibit A.

9. Defendant, as claimed on its website at www.sportdimension.com (Exhibit B), is in the business of designing and producing water sports related products with a focus on wetsuits, flotation vests, and body boards. Defendant's website does not mention or disclose any snow bike or knowledge thereof.

10. On information and belief, in order to quickly enter the newly created snow bike market, Defendant pretended to be an interested distributor and partner of Plaintiff in order to obtain valuable proprietary and/or confidential information regarding the snow bike products developed by Plaintiff. On or about March 3, 2009, Kurt Rios ("Rios"), the President of Defendant, contacted Brad Pedersen ("Pedersen"), the President of Plaintiff. Rios represented that Defendant had seen some of Plaintiff's snow bike products and was very interested in becoming Plaintiff's distributor in the United States. During March of 2009, Plaintiff and Defendant established a confidential relationship ("Confidential Relationship"), during which Plaintiff disclosed valuable proprietary and/or confidential information to Defendant, including pricing, margin, marketing, customer, and product design information ("Confidential Information"). During the parties' discussions, Plaintiff provided Defendant with information regarding

Plaintiff's general and special wholesale pricing, distributor profit margin, existing and prospective customers, the design of Plaintiff's new snow bike product under development at the time, as well as a "cost sheet." Plaintiff expressly advised Defendant that the information was being provided on a confidential basis. In addition, under the circumstances, there was an implied understanding that the information provided by Plaintiff to Defendant during the course of their negotiations regarding Defendant's distribution of Plaintiff's snow bike products would be kept confidential.

11. On or about March 17, 2009, Rios accepted the negotiated pricing and other terms provided by Pedersen, and requested samples of Plaintiff's snow bikes, including the one that was under development at the time. Relying on Rios' representations and believing that the parties had reached a distribution arrangement, Plaintiff provided Defendant with samples of its existing snow bikes and mockups of the new snow bike that was under development.

12. One of the terms agreed on by the parties was that Defendant would not market the snow bike products to certain retailers in the United States, including Costco Wholesale Corp. ("Costco U.S."). Plaintiff had advised Defendant that Plaintiff had a pre-existing relationship with Costco Canada and intended to market its products directly to Costco U.S.

13. After obtaining the Confidential Information and receiving snow bike samples from Plaintiff, Defendant informed Plaintiff that there was not a single retail buyer in the United States for Plaintiff's snow bikes.

14. Unbeknownst to Plaintiff, Defendant secretly developed and manufactured a remarkably similar snow bike product, despite representing to Plaintiff that not a single retailer in the United States was interested in such a product. Upon information and belief, Defendant used the confidential design information provided by Plaintiff to design and develop its competing snow bike product.

15. Worse, upon information and belief, in 2010 to 2011, Defendant offered its competing snow bike product to Plaintiff's customer, Costco U.S., whom Defendant had

3
FIRST AMENDED COMPLAINT [DEMAND FOR JURY TRIAL]

previously agreed not to approach when the parties were negotiating and finalizing the terms of their distribution arrangement.

16. Plaintiff had an existing relationship with Costco Canada and Costco U.S. In 2009 to 2010, Costco U.S. carried Plaintiff's popular snow bike product. The product was so successful that it quickly sold out, causing Costco U.S. to order additional units from Plaintiff for that season.

17. However, in 2010 to 2011, Costco U.S. decided to stop carrying Plaintiff's snow bike products, and instead, began selling Defendant's snow bike. Upon information and belief, Defendant used the confidential pricing and margin information provided by Plaintiff to obtain an unfair commercial advantage and to undercut Plaintiff's pricing, thereby enticing Costco U.S. to carry Defendant's product instead.

18. As a result of Defendant's fraudulent conduct and misappropriation of Plaintiff's trade secrets, Plaintiff lost in excess of $1.5 million in sales.

## FIRST CLAIM FOR RELIEF
### (Fraud and Deceit)

19. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 to 18 of this FAC as if fully set forth herein.

20. In March 2009, Rios represented to Pedersen orally and/or in writing that (1) Defendant was interested in a partnership with Plaintiff for the sale and distribution of Plaintiff's snow bike products in the United States; (2) Defendant would act as Plaintiff's distributor and would promote and market Plaintiff's snow bike products to retailers in the United States; and (3) Defendant would not market the products to an agreed list of retailers, including Costco U.S., whom Defendant understood would be approached directly by Plaintiff (the "Representations").

21. Upon information and belief, the Representations were false at the time they were made. Defendant had no intention of acting as Plaintiff's distributor and had no intention of promoting Plaintiff's products in the United States. The Representations

were made with the intent of inducing Plaintiff to disclose Confidential Information regarding its snow bike products to Defendant.

22. Upon information and belief, Defendant knew the Representations were false at the time they were made, or exhibited an utter and reckless disregard for whether the statements were true.

23. Defendant also intentionally failed to disclose that it was planning, designing and/or developing a competing snow bike product.

24. The Representations and omissions were material. Had Plaintiff known that Defendant had no intention of promoting Plaintiff's products, and in fact had plans to develop a competing product, Plaintiff never would have negotiated a distribution arrangement with Defendant or provided Defendant with Plaintiff's Confidential Information.

24. Plaintiff reasonably and justifiably relied on Defendants' Representations, and as a result, provided Defendant with Plaintiff's Confidential Information.

25. As a direct and proximate result of Defendant's fraud, Plaintiff has been damaged in excess of $1.5 million, the exact amount of which shall be proven at trial.

26. In addition, Plaintiff is entitled to an award of punitive or exemplary damages against Defendant, because in committing the misdeeds described above, Defendant acted in conscious disregard of the rights of Plaintiff, with the intent to injure and defraud Plaintiff, and otherwise acted with malice, fraud, or oppression in the manner and fashion described herein.

## SECOND CLAIM FOR RELIEF

**(Interference With Prospective Economic Advantage)**

27. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 to 18 of this FAC as if fully set forth herein.

28. Plaintiff had an economic relationship with Costco Canada and Costco U.S. which would have resulted in future economic benefits to Plaintiff. In fact, in 2009-2010, Costco U.S. (as well as Costco Canada) was carrying Plaintiff's snow bike

products, and ordered additional units when those products sold out that season. Costco U.S. had informed Plaintiff that the snow bike products were extremely successful. Plaintiff also received favorable feedback at sales presentation meetings with Costco. As a result, Plaintiff reasonably expected to sell additional products to Costco in 2010-2011.

29. Defendant knew or should have known of Plaintiff's relationship with Costco Canada and Costco U.S. In fact, Defendant had agreed that it would not approach the Costco entities for business relating to snow bikes with the understanding that Plaintiff would be marketing to the Costco entities directly.

30. Defendant intended to disrupt, and succeeded in disrupting, Plaintiff's actual and potential relationship with Costco U.S. by engaging in the wrongful acts described herein, including using Plaintiff's Confidential Information to design and develop a competing snow bike product, and further using Plaintiff's Confidential Information to uncut Plaintiff's pricing.

31. Defendant's conduct was wrongful because, without limitation, it breached its agreement not to approach Costco, it engaged in a fraudulent scheme to extract information about Plaintiff's snow bike products, and it misappropriated Plaintiff's Confidential Information.

32. As a result of Plaintiff's wrongful conduct, in 2011, Costco declined to purchase Plaintiff's snow bikes, electing instead to carry Defendant's competing snow bike product.

33. As a direct and proximate cause of Plaintiff's wrongful conduct, Plaintiff has been damaged in excess of $1.5 million, the exact amount of which shall be proven at trial.

34. In addition, Plaintiff is entitled to an award of punitive or exemplary damages against Defendant, because in committing the misdeeds described above, Defendant acted in conscious disregard of the rights of Plaintiff, with the intent to injure and defraud Plaintiff, and otherwise acted with malice, fraud, or oppression in the manner and fashion described herein.

## THIRD CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets by Defendant)

35. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 to 18 of this FAC as if fully set forth herein.

36. Plaintiff's Confidential Information derives independent economic value, actual or potential, from not being generally known to the public, and not being readily ascertainable by proper means by persons who can obtain economic value from its disclosure or use, including Plaintiff's competitors.

37. Plaintiff used efforts that were reasonable under the circumstances to maintain the confidentiality of the Confidential Information, including asking Defendant to maintain the confidentiality of the information provided.

38. In violation of California's Uniform Trade Secrets Act, California Civil Code § 3426, *et seq.*, Defendant misappropriated Plaintiff's Confidential Information by using the Confidential Information without Plaintiff's express or implied consent even though Defendant knew or had reason to know that the Confidential Information was acquired under circumstances giving rise to a duty to maintain its secrecy or to limit its use.

39. As a direct and proximate cause of Defendant's wrongful acts, Plaintiff has been damaged in excess of $1.5 million, the exact amount of which shall be proven at trial. In addition, Defendant has been unjustly enriched by the misappropriation.

. 40. Upon information and belief, Defendant will continue to use the misappropriated Confidential Information unless enjoined by this Court.

41. Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant. Thus, Plaintiff is entitled to preliminary and permanent injunctive relief, damages in an amount no less than $1.5 million, costs, interest, and attorneys' fees. Defendant's conduct also was willful and malicious, and pursuant to California Civil Code § 3426.3, Plaintiff is entitled to recover exemplary damages of at least $3 million.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.  That judgment be entered in favor of Plaintiff.

B.  That a preliminary, and thereafter, a permanent injunction be entered enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, affiliates, websites, successors, assigns, and all others in active concert or participation with them from disclosing or using Plaintiff's Confidential Information.

C.  Awarding Plaintiff actual damages in an amount no less than $1,500,000;

D.  Awarding Plaintiff punitive and/or exemplary damages in an amount no less than $3,000,000;

E.  Awarding Plaintiff reasonable attorneys' fees;

F.  Awarding Plaintiff pre-judgment and post-judgment interest on its damages together with all costs and expenses;

G.  Granting Plaintiff any other and further relief as the Court may deem just and proper.

DATED: August 17, 2012

**GREENBERG TRAURIG, LLP**

By: _____
Valerie W. Ho
Jeffrey F. Yee
Attorneys for Plaintiff Tech-4-Kids, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiffs demand a trial by jury of any issue triable of right by a jury.

DATED: August 17, 2012

**GREENBERG TRAURIG, LLP**

By: _____
Valerie W. Ho
Jeffrey F. Yee
Attorneys for Plaintiff Tech-4-Kids, Inc.

# EXHIBIT A

Case 2:12-cv-06769-PA-AJW Document 1-1 Filed 12/06/11 Page 10 of 21 Page ID #:19





# EXHIBIT B



## ABOUT SPORT DIMENSION:

SPORT DIMENSION INC. focuses on the sales, manufacturing and distribution of water sports related products with roots dating back to the early 1970's. Our management teams, along with our many associates, have worked with and for the pioneers of surfing and scuba diving, providing our company with a solid foundation. Each member of our team has true market knowledge and core experience, allowing us to provide exceptional understanding within every category. Our wealth of knowledge and experience allows us to design and produce innovative, quality products with our focus on wetsuits, aquatics, personal floatation vests, body boards, towables and inflatables. Based in Carson, CA, SPORT DIMENSION's headquarters houses all facets of its business operations with the exception of factory manufacturing which is accomplished overseas in company supervised facilities.

SPORT DIMENSION INC designs, develops and distributes products that are suited to various levels of sales and distribution. From the top level specialty pro shops, sporting goods retailers, entertainment industry and water parks, we can service any sector providing a variety of water sports products.

Our mission statement is to be at the forefront of the water sports industry by pushing the limits of design and performance as well as striving to provide exceptional products year after year, while supplying superior customer service.

Copyright 2007 Sportdimension.com All Rights Reserved

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067.

    On August 17, 2012, I served the document described as **PLAINTIFF TECH-4-KIDS, INC.'S FIRST AMENDED COMPLAINT [DEMAND FOR JURY TRIAL]** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

| | |
|---|---|
| Michael H. Selter | Thomas M. Dunlap |
| Manelli & Selter PLLC | Dunlap Grubb and Weaver PC |
| 2000 M Street NW Suite 700 | 199 Liberty St SW |
| Washington, DC 20036 | Leesburg, VA 20175 |

☐ **(BY MAIL)**

    ☐ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    ☐ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒ **(BY E-MAIL)**

On August 17, 2012, I transmitted the foregoing document(s) by E-mail to the parties at their respective e-mail addresses as indicated above. The document was served electronically and the transmission was reported complete and without error.

☐ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressees as indicated above. Executed on August 17, 2012, at Los Angeles, California.

☒ **(BY FEDERAL EXPRESS)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of

---

LA 130,431,195v 8-15-12

business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 17, 2012, at Los Angeles, California.

*Monica A. Solorzano*
Monica A. Solorzano

PROOF OF SERVICE

LA 130,431,195v 8-15-12