1  **GREENBERG TRAURIG, LLP**
   Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
2  Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com)
3  Michael S. Lawrence (SBN 255897) (lawrencem@gtlaw.com)
   1840 Century Park East, Suite 1900
4  Los Angeles, California  90067
   Telephone: (310) 586-7700;
5  Facsimile: (310) 586-7800

6
   Attorneys for Plaintiff and Counterdefendant
7  Tech-4-Kids, Inc.

8  **ZUBER LAWLER & DEL DUCA LLP**
   Jeffrey J. Zuber (SBN 220830) (jzuber@zuberlaw.com)
9  Raffi V. Zerounian (SBN 236388) (rzerounian@zuberlaw.com
10 777 S. Figueroa Street, 37th Floor
   Los Angeles, California 90017
11 Telephone:  (213) 596-5620;
   Facsimile:   (213) 596-5621
12
13 Attorneys for Defendant and Counterclaimant
   Sport Dimension, Inc.
14
              UNITED STATES DISTRICT COURT
15
        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
16

| | |
|---|---|
| 17  TECH-4-KIDS, INC., | CASE NO. 2:12-CV-06769-PA-AJW |
| 18              Plaintiff, | **PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION** |
| 19  vs. | |
| 20  SPORT DIMENSION, INC., | |
| 21              Defendant. | **Judge: Honorable Percy Anderson** |
| 22 | |
| 23  SPORT DIMENSION, INC., | |
| 24              Counterclaimant, | |
| 25  vs. | |
| 26  TECH-4-KIDS, INC., | |
| 27              Counterdefendant. | |
| 28 | |

PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

Exhibit _A_ Page _2_

LA 130,539,829v2 11-14-12

The Court enters the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical,

and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)   a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)   experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)   court reporter(s) employed in this action;

    (d)   a witness at any deposition or other proceeding in this action provided that the witness was the author or recipient of the Confidential Material, otherwise had access to the Confidential Material, or the parties agree that the Confidential Material may be shown to the witness; and

    (e)   any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7.   Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8.   The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be

1 disclosed to a party, or to an officer, director or employee of a party, unless otherwise
2 agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to
3 this paragraph, all other provisions in this order with respect to confidentiality shall also
4 apply.

5      9. Nothing herein shall impose any restrictions on the use or disclosure by a
6 party of material obtained by such party independent of discovery in this action, whether
7 or not such material is also obtained through discovery in this action, or from disclosing
8 its own Confidential Material as it deems appropriate.

9      10. If Confidential Material, including any portion of a deposition transcript
10 designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed
11 with the Court, such papers shall be accompanied by an application to (a) file the
12 confidential portions thereof under seal (if such portions are segregable), or (b) file the
13 papers in their entirety under seal (if the confidential portions are not segregable). The
14 application shall be directed to the judge to whom the papers are directed. Pending the
15 ruling on the application, the papers or portions thereof subject to the sealing application
16 shall be lodged under seal.

17      11. This Order shall be without prejudice to the right of the parties (i) to bring
18 before the Court at any time the question of whether any particular document or
19 information is confidential or whether its use should be restricted or (ii) to present a
20 motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any
21 particular document or information, including restrictions differing from those as
22 specified herein. This Order shall not be deemed to prejudice the parties in any way in
23 any future application for modification of this Order.

24      12. This Order is entered solely for the purpose of facilitating the exchange of
25 documents and information between the parties to this action without involving the Court
26 unnecessarily in the process. Nothing in this Order nor the production of any information
27 or document under the terms of this Order nor any proceedings pursuant to this Order
28 shall be deemed to have the effect of an admission or waiver by either party or of altering

the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

DATED: November 14, 2012    **GREENBERG TRAURIG, LLP**

By: /s/ Michael S. Lawrence
Valerie W. Ho
Jeffrey F. Yee
Michael S. Lawrence
Attorneys for Plaintiff and Counter-Defendant Tech-4-Kids, Inc.

DATED: November 14, 2012    **ZUBER LAWLER & DEL DUCA LLP**

By: /s/ Jeffrey J. Zuber
Jeffrey J. Zuber
Attorneys for Defendant and Counter-Claimant Sport Dimension, Inc.

IT IS SO ORDERED.

November 27, 2012

_____
HON. PERCY ANDERSON
United States District Court Judge

4

PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

Exhibit A  Page 6

ATTACHMENT A

NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in ***TECH-4-KIDS v. SPORT DIMENSION, INC.,*** United States District Court for the Central District of California, Civil Action No. 2:12-CV-06769-PA-AJW and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED: _____    _____
                                                                   Name of Signatory