1  **GREENBERG TRAURIG, LLP**
   Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
2  Michael S. Lawrence (SBN 255897) (lawrencem@gtlaw.com)
   Robert S. Freund (SBN 287566) (freundr@gtlaw.com)
3  1840 Century Park East, Suite 1900
   Los Angeles, California  90067
4  Telephone: (310) 586-7700
   Facsimile: (310) 586-7800
5
6  Attorneys for Plaintiff
7  Tech-4-Kids, Inc.

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

12 | TECH-4-KIDS, INC.,            | CASE NO. 2:12-CV-06769-PA-AJW |

13              Plaintiff,

14 vs.                              **DISCOVERY MATTER:**
                                    **DECLARATION OF ROBERT S.**
15 SPORT DIMENSION, INC.,           **FREUND IN SUPPORT OF**
                                    **PLAINTIFF TECH-4-KIDS, INC.'S**
16              Defendant.          **MOTION TO COMPEL**
                                    **PRODUCTION OF DOCUMENTS**
17                                  **BY DEFENDANT SPORT**
                                    **DIMENSION, INC.**
18

19 SPORT DIMENSION, INC.,

20              Counterclaimant,    **Judge: Honorable Percy Anderson**
   vs.                              **Magistrate Judge: Honorable Andrew**
21                                  **J. Wistrich**
   TECH-4-KIDS, INC.,
22
                Counterdefendant.
23

24

25

26

27

28

─────────────────────────────────────────────
                DECLARATION OF ROBERT S. FREUND
LA 130842946v1

## DECLARATION OF ROBERT S. FREUND

I, Robert S. Freund, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1.    I am an attorney at the law firm of Greenberg Traurig, LLP, counsel of record for Plaintiff and Counterdefendant Tech-4-Kids, Inc. ("Tech-4-Kids" or "Plaintiff") in the above-entitled action. I am licensed to practice law in the State of California. I submit this Declaration in support of Tech-4-Kids' Motion to Compel Production of Documents by Defendant Sport Dimension, Inc. ("Motion"). I have first-hand knowledge of the matters set forth herein and, if called upon to do so, I could and would testify competently and truthfully thereto.

2.    Pursuant to Central District of California Local Rules 7-3 and 37-1, I, along with my colleague, attorney Michael S. Lawrence, have participated in several meet and confer discussions with Sarah Brooks, of the Stradling firm, counsel for Defendant Sport Dimension. After a number of correspondences and meet and confer conferences, we have been unable to resolve the issues discussed in this Motion.

3.    Attached as **Exhibit A** is a true and correct copy of the document Bates numbered SDI 007466-007472. The document has been designated "Highly Confidential – Attorneys' Eyes Only."

4.    Attached as **Exhibit B** is a true and correct copy of the document Bates numbered SDI 014984-014990. The document has been designated "Confidential."

5.    Attached as **Exhibit C** is a true and correct copy of the document Bates numbered SDI 015288-015293. The document has been designated "Confidential."

6.    Attached as **Exhibit D** is a true and correct copy of Sport Dimension's responses to Tech-4-Kids' first set of requests for production.

7.    Attached as **Exhibit E** is a true and correct copy of Sport Dimension's responses to Tech-4-Kids' second set of requests for production.

8.    Attached as **Exhibit F** is a true and correct copy of Sport Dimension's responses to Tech-4-Kids' third set of requests for production.

*LA 130842946v1*

9.     Attached as **Exhibit G** is a true and correct copy of relevant excerpts of the transcript of the March 26, 2013 deposition of Joseph Lin. The deposition transcript has been designated "Highly Confidential – Attorneys' Eyes Only."

10.    Attached as **Exhibit H** is a true and correct copy of the document Bates numbered SDI 001132-001135. The document has been designated "Highly Confidential – Attorneys' Eyes Only."

11.    Attached as **Exhibit I** is a true and correct copy of relevant excerpts of the transcript of the March 21, 2013 deposition of Kurt Rios. The deposition transcript has been designated "Highly Confidential – Attorneys' Eyes Only."

12.    Attached as **Exhibit J** is a true and correct copy of the document Bates numbered SDI 006962-006968. The document has been designated "Highly Confidential – Attorneys' Eyes Only."

13.    Attached as **Exhibit K** is a true and correct copy of what appears to be an online directory of global sports product manufacturers listing Mr. Lin as the owner of Stallion.

14.    Attached as **Exhibit L** is a true and correct copy of the document Bates numbered SDI 007912-007914. The document has been designated "Confidential."

15.    Attached as **Exhibit M** is a true and correct copy of the "Customer Care" page of Sport Dimension's website and the Stallion site to which visitors are redirected upon clicking the hyperlink "Snow Bikes Care and Warranty."

16.    Attached as **Exhibit N** is a true and correct copy of the Stallion website in which Stallion alleges ownership of the "Snowslider" trademark.

17.    Attached as **Exhibit O** is a true and correct copy of printouts from the United States Patent and Trademark Office's website indicating that Sport Dimension owns the "Snowslider" trademark.

18.    Attached as **Exhibit P** is a true and correct copy of Tech-4-Kids' First Set of Requests for Production.

2

DECLARATION OF ROBERT S. FREUND

*LA 130842946v1*

19.     Attached as **Exhibit Q** is a true and correct copy of the document Bates numbered SDI 001012-001013 in which Alex Fung of Stallion indicates to Kurt Rios his proposal to use Yamaha's trademark for Sport Dimension's snow bike product, which is modeled after Tech-4-Kids' Ski-Doo snow bike. The document has been designated "Confidential."

20.     The billing rates associated with the attorneys involved in this matter are as follows:

      a.  Valerie Ho: $650.00 per hour;

      b.  Robert Freund: $295.00 per hour.

21.     In researching and preparing this Motion and the corresponding joint statement, Valerie Ho has spent three hours and Robert Freund has spent 30 hours for a total of $10,150.

22.     In preparing further briefing and for argument regarding this Motion, we estimate that Ms. Ho will spend approximately two hours, and I will spend an additional 15 hours for a total of $5,725.

23.     The aggregate of the fees above totals $15,875.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.


Executed this 15th day of April, 2013, at Los Angeles, California.


Robert S. Freund

3
DECLARATION OF ROBERT S. FREUND

LA 130842946v1

# EXHIBIT A
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT B
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT C
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT D

1  YURI MIKULKA, SBN 185926
2  (ymikulka@sycr.com)
   SARAH S. BROOKS, SBN 266292
3  (sbrooks@sycr.com)
   STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA  92660-6422
   Telephone:  (949) 725-4000
5  Facsimile:  (949) 725-4100

6  Attorneys for Defendant and
   Counter-Claimant
7  SPORT DIMENSION, INC.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11  TECH-4-KIDS, INC.                    CASE NO. 2:12-cv-06769-PA-AJW

12        Plaintiff,                     Honorable Percy Anderson

13        vs.

14  SPORT DIMENSION, INC.,               **SPORT DIMENSION'S RESPONSES
                                         TO TECH-4-KIDS, INC'S FIRST SET
15        Defendant.                     OF REQUESTS FOR PRODUCTION
                                         OF DOCUMENTS**
16

17                                       First Amended Complaint Filed:
                                         August 17, 2012
18

19  SPORT DIMENSION, INC.,

20        Counter-Claimant,

21        vs.

22

23  TECH-4-KIDS, Inc.,

24        Counter-Defendant.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

          RESPONSES TO REQUEST FOR PRODUCTION

LITIOC/2058492v1/102566-0001

1  PROUPOUNDING PARTY:      Plaintiff Tech-4-Kids, Inc.

2  RESPONDING PARTY:         Sport Dimension, Inc.

3  SET NO:                            One

4         Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant

5  Sport Dimension, Inc., through its counsel, hereby responds and objects to

6  Plaintiff's Tech-4-Kids, Inc.'s First Set of Requests For The Production Of

7  Documents And Things (Nos. 1-46) To Sport Dimension, Inc. ("Requests"), as

8  follows:

9                          **PRELIMINARY STATEMENT**

10         Defendant and his attorney's investigation and analysis are continuing and

11  not complete, and their discovery is at an early stage.  Defendant reserves the right,

12  without limitation, to amend, modify, or supplement, these Responses, to set forth

13  any additional information that is relevant to these Responses which Defendant

14  and/or its attorneys subsequently learn or discover, to set forth any additional

15  information which Defendant and/or his attorneys subsequently conclude are

16  relevant to these Responses and/or to use and introduce and such information at

17  any hearings or trial of this action whether or not these Responses are so

18  supplemented.

19         By service of the Responses, Defendant does not waive or re-start the time

20  period for filing of any motion to compel.

21                          **GENERAL OBJECTIONS**

22         1.  Defendant hereby asserts the following General Objections (the

23  "General Objections") to the Requests, each of which is hereby incorporated by

24  reference into the response to each individual document request below.  From time

25  to time, and for purpose of emphasis, Defendant may restate one or more of the

26  General Objections as specific objections to individual document requests.  Such

27  restatement, or the failure to restate, should not be taken as a waiver of any General

28  Objection not restated.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1        2. Defendant objects and responds to the Requests on the basis of facts

2    and circumstances as they are presently known to Defendant. Defendant has not

3    completed its discovery and preparation for trial. Accordingly, all of the following

4    objections and responses are provided without prejudice to Defendant's right to

5    introduce at trial any evidence it subsequently discovers. Defendant reserves the

6    right to supplement his objections and responses to the Requests based upon

7    newly-discovered evidence or information of which Defendant is not aware as of

8    the present date.

9        3. Defendant objects to the Requests insofar as they seek information or

10   documents that are privileged and/or protected from disclosure by the attorney-

11   client privilege, the work-product doctrine, the privacy privilege, the joint-defense

12   privilege or any other privilege or immunity, and refuses to produce any such

13   document(s). Defendant does not intend by these responses or objections to waive

14   any claim of privilege or immunity. Defendant's objections and responses are

15   conditioned specifically on the understanding that the provision of information or

16   documents for which any claim of privilege is applicable shall be deemed

17   inadvertent and not a waiver of the claim of privilege.

18       4. Defendant objects to the Requests to the extent that they call for the

19   production of documents that are protected by the privacy rights of itself or any

20   other person or entity as provided by the California and United States Constitutions

21   and/or any other statute or legal authority.

22       5. Defendant objects to the Requests to the extent that they call for the

23   production of trade secrets, confidential information and proprietary information

24   regarding Defendant's business and/or business operations.

25       6. Inadvertent production of any document that is privileged, or which is

26   otherwise immune from discovery, shall not constitute, and is in no way intended

27   as, a waiver of any privilege or any other ground for objecting to such discovery

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1   with respect to such document or any other document, the subject matter thereof,

2   the information contained therein, during any subsequent proceeding.

3         7.  Defendant reserves the right to produce only the responsive portions

4   of documents where such document also contain information that is not relevant to

5   the subject matter of this action, is not reasonably calculated to lead to the

6   discovery of admissible evidence, is privileged or is otherwise protected from

7   disclosure.

8         8.  Defendant objects to producing multiple copies of the same document,

9   and the same document in multiple formats (e.g. hard copy and electronic copy).

10  Where multiple copies of multiple formats exist, Defendant will produce only one

11  copy or format of the same document.

12        9.  It should not be inferred from the form or substance of any objection

13  or response herein that documents responsive to any particular request exist.

14        10. Defendant objects to the definitions and instructions contained in the

15  Requests to the extent that they impose obligations on Defendant beyond those

16  permitted by the Rules of Civil Procedure and applicable case law.  Defendant will

17  interpret each request and respond pursuant to, and in light of, the requirements of

18  the Rules of Civil Procedure and case law.

19        11. Defendant objects to the Requests to the extent they seek documents

20  concerning information from time periods not relevant to this action.  Without

21  further limitation as to time, the Requests are overbroad, unduly burdensome, seek

22  irrelevant information, and are not reasonably calculated to lead to the discovery of

23  admissible evidence.

24        12. Defendant objects to the Requests on the grounds that Plaintiff has

25  failed to "identify the trade secret with reasonable particularity prior to

26  commencing discovery," as required under California Code of Civil Procedure

27  2019.210.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1    13. Defendant objects to producing documents that are in the possession,

2   custody or control of Plaintiff or equally available to Plaintiff, including

3   correspondence exchanged between Defendant and Plaintiff, or either of them, and

4   documents exchanged or filed in connection with this litigation.

5    **RESPONSES TO REQUEST FOR PRODUCTION**

6   **REQUEST NO. 1:**

7    Produce two samples of each of Your snow bike products, including the FX

8   Nytro.

9   **RESPONSE TO REQUEST NO. 1:**

10    Defendant refers to and incorporates by reference all of the General

11   Objections stated above as though set forth in full herein.  Defendant objects to this

12   request on the grounds that it is overbroad and unduly burdensome to the extent

13   that it asks for two samples of each of Defendant's snow bike products.  Subject to

14   and without waiving the foregoing objections, Defendant responds that it will

15   make one sample of each of its snow bike products available for inspection at

16   offices of Defendant's counsel at a mutually convenient date.

17   **REQUEST NO. 2:**

18    Produce all Documents and Things related to Your responses to Plaintiff's

19   First Set of Interrogatories.

20   **RESPONSE TO REQUEST NO. 2:**

21    Defendant refers to and incorporates by reference all of the General

22   Objections stated above as though set forth in full herein.  Defendant objects to this

23   request to the extent that it seeks documents that are subject to the attorney-client

24   and/or work product privilege.  Subject to and without waiving the foregoing

25   objections, Defendant responds that it will produce non-privileged items

26   responsive to this request to the extent they exist and/or are within Defendant's

27   possession, custody, of control, once the Court enters a mutually agreed-upon

28   protective order.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

**REQUEST NO. 3:**

Produce all Documents and Things that You relied on or referred to in preparing Your responses to Plaintiff's First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 3:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege.  Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are within Defendant's possession, custody, of control, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 4:**

Produce Documents and Things sufficient to identify each Person (other than outside counsel) who participated, assisted, or was otherwise involved in preparing Your responses to Plaintiffs First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 4:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request on the grounds Defendant objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are within Defendant's possession, custody, of control, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 5:**

Produce all Documents and Things concerning any of Your snow bike products, including without limitation Communications, meeting minutes,

**RESPONSES TO REQUEST FOR PRODUCTION**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2058492v1/102566-0001

1    presentations, proposals, price quotes, notes, reports, drawings, photographs, video

2    recordings, brochures, pamphlets, manuals, models (functional or non-functional),

3    and prototypes.

4    **RESPONSE TO REQUEST NO. 5:**

5       Defendant refers to and incorporates by reference all of the General

6    Objections stated above as though set forth in full herein.  Defendant objects to this

7    request on the grounds that it is overly broad and unduly burdensome at least to the

8    extent that it is not limited in time or scope.  Subject to and without waiving the

9    foregoing objections, Defendant responds that it will produce non-privileged items

10    responsive to this request from 2009 until present day to the extent they exist

11    and/or are in its possession, custody or control, once the Court enters a mutually

12    agreed-upon protective order.

13    **REQUEST NO. 6:**

14       Produce all Documents and Things sufficient to identify each Person who

15    participated, assisted, or was otherwise involved in the conception, design,

16    development, and/or manufacturing of any snow bike that You have sold, offered

17    for sell, marketed, promoted, imported, exported, or distributed since 2008.

18    **RESPONSE TO REQUEST NO. 6:**

19       Defendant refers to and incorporates by reference all of the General

20    Objections stated above as though set forth in full herein.  Defendant objects to this

21    request on the grounds that it is overly broad, unduly burdensome, and lacks

22    relevance as to products that are not at issue in the case, and moreover is

23    burdensome as to items not within Defendants custody or control.  Subject to and

24    without waiving the foregoing objections, Defendants will produce non-privileged

25    items responsive to this request from 2009 until present day to the extent they exist

26    and/or are in its possession, custody or control, once the Court enters a mutually

27    agreed-upon protective order.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1    **REQUEST NO. 7:**

2         Produce all Documents and Things concerning the conception, design,

3    development, and/or manufacturing of any snow bike that You have sold, offered

4    for sell, marketed, promoted, imported, exported, or distributed since 2008,

5    including without limitation Communications, drawings, specifications,

6    schematics, meeting minutes, presentations, notes, reports, research, testing data,

7    photographs, video recordings, brochures, pamphlets, manuals, models (functional

8    or non-functional), and prototypes.

9    **RESPONSE TO REQUEST NO. 7:**

10        Defendant refers to and incorporates by reference all of the General

11   Objections stated above as though set forth in full herein.  Defendant objects to this

12   request on the grounds that it is overly broad, unduly burdensome, and lacks

13   relevance as to products that are not at issue in the case, and moreover is

14   burdensome as to items not within Defendants custody or control.  Subject to and

15   without waiving the foregoing objections, Defendants will produce non-privileged

16   items responsive to this request from 2009 until present day to the extent they exist

17   and/or are in its possession, custody or control, once the Court enters a mutually

18   agreed-upon protective order.

19   **REQUEST NO. 8:**

20        Produce all Documents and Things concerning Your decision to develop a

21   snow bike product or to enter the snow bike market.

22   **RESPONSE TO REQUEST NO. 8:**

23        Defendant refers to and incorporates by reference all of the General

24   Objections stated above as though set forth in full herein.  Defendant objects to this

25   request on the grounds Defendant objects to this request on the grounds that it is

26   overly broad,  and unduly burdensome, and lacks relevance as to products that are

27   not at issue in the case, and moreover is burdensome at least to the extent that the

28   requested documents not within Defendant's possession, custody or control.

7

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1  Subject to and without waiving the foregoing objections, Defendant will produce

2  non-privileged items responsive to this request from 2009 until present day to the

3  extent they exist and/or are in its possession, custody or control, once the Court

4  enters a mutually agreed-upon protective order.

5  **REQUEST NO. 9:**

6      Produce all Documents and Things concerning any agreement relating to

7  any of Your snow bike products, including without limitation contracts,

8  agreements, licenses, memorandum, letters of intent, and all drafts thereof.

9  **RESPONSE TO REQUEST NO. 9:**

10      Defendant refers to and incorporates by reference all of the General

11  Objections stated above as though set forth in full herein.  Defendant objects to this

12  request on the grounds that it is overly broad, unduly burdensome, and lacks

13  relevance as to products that are not at issue in the case, asks for "any agreement"

14  and to the extent that it is not limited in time or scope, and also to the extent that

15  the requested documents not within Defendant's possession, custody or control.

16  Defendant also objects to this request to the extent that it seeks documents that are

17  subject to the attorney-client and/or work product privilege.  Subject to and without

18  waiving the foregoing objections, Defendants will produce non-privileged items

19  responsive to this request from 2009 until present day to the extent they exist

20  and/or are in its possession, custody or control, once the Court enters a mutually

21  agreed-upon protective order.

22  **REQUEST NO. 10:**

23      Produce all Documents and Things concerning Plaintiff, including without

24  limitation Communications, meeting minutes, presentations, proposals, price

25  quotes, notes, reports, drawings, photographs, video recordings, brochures,

26  pamphlets, manuals, models (functional or non-functional), and prototypes.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

**RESPONSE TO REQUEST NO. 10:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege. Defendant also objects to this request on the grounds that the requested documents are equally accessible to Plaintiff. Finally, Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is not limited in scope to the subject matter of the present lawsuit, *i.e.* the snow bike. Subject to and without waiving the foregoing objections, Defendants will produce non-privileged items responsive to this request from 2009 until present day to the extent they exist and/or are in its possession, custody or control relating to Plaintiff's snow bike, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 11:**

Produce all Documents and Things concerning Costco, including without limitation Communications, meeting minutes, presentations, proposals, price quotes, notes, reports, drawings, photographs, video recordings, brochures, pamphlets, manuals, models (functional or non-functional), and prototypes.

**RESPONSE TO REQUEST NO. 11:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is not limited in time and scope. Subject to and without waiving the foregoing objections, Defendant responds that it will produce responsive items once Plaintiff narrows the request.

**REQUEST NO. 12:**

Produce all Documents and Things concerning any of Plaintiff's snow bikes, including those depicted in Exhibit A of the Complaint.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

**RESPONSE TO REQUEST NO. 12:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff. Defendant also objects to this request on the grounds that it is overly broad, unduly burdensome, and lacks relevance as to products that are not at issue in the case, it is not limited in time or scope, and also to the extent that the requested documents not within Defendant's possession, custody or control. Subject to and without waiving the foregoing objections, Defendants will produce non-privileged items responsive to this request from 2009 until present day to the extent they exist and/or are in its possession, custody or control relating to Plaintiff's snow bike product, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 13:**

Produce all Documents and Things concerning any information You received or obtained, directly or indirectly, from Plaintiff.

**RESPONSE TO REQUEST NO. 13:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff. Defendant also objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and scope. Subject to and without waiving the foregoing objections, Defendants will produce non-privileged items responsive to this request from 2009 until present day to the extent they exist and/or are in its possession, custody or control relating to Plaintiff's snow bike product, once the Court enters a mutually agreed-upon protective order.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1    **REQUEST NO. 14:**

2       Produce all Documents Concerning each and every snow bike product

3    known to You or of which You were aware before 2010.

4    **RESPONSE TO REQUEST NO. 14:**

5       Defendant refers to and incorporates by reference all of the General

6    Objections stated above as though set forth in full herein.  Defendant objects to this

7    request on the grounds that it is overbroad and unduly burdensome at least to the

8    extent that it asks for "all documents" relating to snow bikes including bikes that

9    are not the subject of the present litigation.  Subject to and without waiving the

10    foregoing objections, Defendant responds that it will produce non-privileged items

11    responsive to this request to the extent they exist and/or are in its possession,

12    custody or control sufficient to show the snow bikes of which it was aware before

13    2010, once the Court enters a mutually agreed-upon protective order.

14    **REQUEST NO. 15:**

15       Produce all Documents and Things concerning any analysis of any of

16    Plaintiffs snow bikes products, including any comparisons of Plaintiff's snow bikes

17    and Your snow bikes.

18    **RESPONSE TO REQUEST NO. 15:**

19       Defendant refers to and incorporates by reference all of the General

20    Objections stated above as though set forth in full herein.  Defendant objects to this

21    request to the extent that it seeks documents that are subject to the attorney-client

22    and/or work product privilege.  Defendant objects to this request on the grounds

23    that it is overbroad and unduly burdensome at least to the extent that it is unlimited

24    in time and scope.  Subject to and without waiving the foregoing objections,

25    Defendant responds that it will produce non-privileged items responsive to this

26    request to the extent they exist and/or are in its possession, custody or control from

27    2009 until present day, once the Court enters a mutually agreed-upon protective

28    order.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11
**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1   **REQUEST NO. 16:**

2          Produce all Communications with designers or manufacturers regarding the

3   development and manufacture of Your snow bike products.

4   **RESPONSE TO REQUEST NO. 16:**

5          Defendant refers to and incorporates by reference all of the General

6   Objections stated above as though set forth in full herein.  Defendant objects to this

7   request on the grounds that it is overbroad and unduly burdensome at least to the

8   extent that it is unlimited in time and scope.  Subject to and without waiving the

9   foregoing objections, Defendant responds that it will produce non-privileged items

10  responsive to this request to the extent they exist and/or are in its possession,

11  custody or control from 2009 until present day, once the Court enters a mutually

12  agreed-upon protective order.

13  **REQUEST NO. 17:**

14         Produce all Documents and Things Concerning Your decision to sell or

15  distribute snow bike products to Costco.

16  **RESPONSE TO REQUEST NO. 17:**

17         Defendant refers to and incorporates by reference all of the General

18  Objections stated above as though set forth in full herein.  Defendant objects to this

19  request on the grounds that it is overbroad and unduly burdensome at least to the

20  extent that it is unlimited in time and scope.  Subject to and without waiving the

21  foregoing objections, Defendant responds that it will produce non-privileged items

22  responsive to this request to the extent they exist and/or are in its possession,

23  custody or control from 2009 until present day, once the Court enters a mutually

24  agreed-upon protective order.

25  **REQUEST NO. 18:**

26         Produce all Documents and Things concerning the advertising and

27  promotion of Your snow bike products.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

12
**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

**RESPONSE TO REQUEST NO. 18:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  .  Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and scope and to the extent that it asks for "all documents."  Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in its possession, custody or control from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 19:**

Produce all Documents and Things concerning the market for snow bike products, including the companies that offer snow bike products and their respective market share.

**RESPONSE TO REQUEST NO. 19:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff.  Defendant also objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and scope. Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in its possession, custody or control from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 20:**

Produce all Documents and Things concerning the sales, revenues, and profits generated by each of Your snow bike products from 2008 to the present.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

13
**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

**RESPONSE TO REQUEST NO. 20:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it asks for "all documents." Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in is possession, custody or control sufficient to show sales, revenues and profits of its snow bikes from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 21:**

Produce all Documents and Things concerning the costs associated with the development, manufacture, advertising and/or sale of Your snow bike products.

**RESPONSE TO REQUEST NO. 21:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and asks for "all documents." Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in is possession, custody or control sufficient to show costs associated with of its snow bikes from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 22:**

Produce all Documents and Things concerning any Communication, contracts, agreements, and negotiations between/among You and any Person(s) concerning any of Your snow bike products.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

**RESPONSE TO REQUEST NO. 22:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege.  Defendant also objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and scope.  Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in its possession, custody or control from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 23:**

Produce all Documents and Things concerning any Communication, contracts, agreements, and negotiations between/among You and any Person(s) concerning any of Plaintiff's snow bike products.

**RESPONSE TO REQUEST NO. 23:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff.  Defendant also objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege.  Finally, Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and scope. Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in its possession, custody or control from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**RESPONSES TO REQUEST FOR PRODUCTION**

1  **REQUEST NO. 24:**

2      Produce all Documents and Things concerning any and all efforts made by

3  You to market, sell or distribute Plaintiff's snow bike products in the United States.

4  **RESPONSE TO REQUEST NO. 24:**

5      Defendant refers to and incorporates by reference all of the General

6  Objections stated above as though set forth in full herein.  Defendant objects to this

7  request on the grounds that the requested documents are equally accessible to

8  Plaintiff.  Defendant also objects to this request on the grounds that it is overbroad

9  and unduly burdensome at least to the extent that it is unlimited in time and scope.

10  Subject to and without waiving the foregoing objections, Defendant responds that

11  it will produce non-privileged items responsive to this request to the extent they

12  exist and/or are in its possession, custody or control from 2009 until present day,

13  once the Court enters a mutually agreed-upon protective order.

14  **REQUEST NO. 25:**

15      Produce all Documents and Things concerning any investigation, testing,

16  analyses, study, or research performed or conducted by You or on Your behalf

17  Relating to any snow bike product.

18  **RESPONSE TO REQUEST NO. 25:**

19      Defendant refers to and incorporates by reference all of the General

20  Objections stated above as though set forth in full herein.  Defendant objects to this

21  request to the extent that it seeks documents that are subject to the attorney-client

22  and/or work product privilege.  Defendant also objects to this request on the

23  grounds that it is overbroad and unduly burdensome at least to the extent that it is

24  unlimited in time and scope.  Subject to and without waiving the foregoing

25  objections, Defendant responds that it will produce non-privileged items

26  responsive to this request to the extent they exist and/or are in its possession,

27  custody or control from 2009 until present day, once the Court enters a mutually

28  agreed-upon protective order.

16

**RESPONSES TO REQUEST FOR PRODUCTION**

**REQUEST NO. 26:**

Produce all Communications with brand licensors or third-party licensors, including but not limited to, Ski-Doo, Yamaha, Polaris, X Games, Arctic Cat, and/or Red Bull regarding Plaintiff or Plaintiff's products.

**RESPONSE TO REQUEST NO. 26:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome at least to the extent that it is unlimited in time and scope. Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in its possession, custody or control from 2009 until present day, once the Court enters a mutually agreed-upon protective order.

**REQUEST NO. 27:**

Produce all non-privileged Documents and Things, including without limitation Communications, other than the pleadings in this lawsuit, between/among You and any other Person(s) mentioning, referring to, or otherwise Concerning this litigation.

**RESPONSE TO REQUEST NO. 27:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein. Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff. Defendant also objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

17

RESPONSES TO REQUEST FOR PRODUCTION

LITIOC/2058492v1/102566-0001

1  exist and/or are in its possession, custody or control, once the Court enters a

2  mutually agreed-upon protective order.

3  **REQUEST NO. 28:**

4  　　Produce all Communications between You and Costco concerning snow

5  bike products.

6  **RESPONSE TO REQUEST NO. 28:**

7  　　Defendant refers to and incorporates by reference all of the General

8  Objections stated above as though set forth in full herein.  Defendant objects to this

9  request on the grounds that it is duplicative of request No. 11.  See response to

10  Request No. 11.

11  **REQUEST NO. 29:**

12  　　Produce all Communications between You and Costco concerning Plaintiff.

13  **RESPONSE TO REQUEST NO. 29:**

14  　　Defendant refers to and incorporates by reference all of the General

15  Objections stated above as though set forth in full herein.  Defendant objects to this

16  request on the grounds that it is overbroad and unduly burdensome at least to the

17  extent that it is unlimited in time and scope.  Subject to and without waiving the

18  foregoing objections, Defendant responds that it will produce non-privileged items

19  responsive to this request to the extent they exist and/or are in its possession,

20  custody or control from 2009 until present day, once the Court enters a mutually

21  agreed-upon protective order.

22  **REQUEST NO. 30:**

23  　　Produce Documents and Things sufficient to identify Your corporate or

24  organizational structure, including but not limited to, organizational charts, bylaws,

25  the identifications and locations of Your officers and directors, and telephone

26  directories.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

18

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1  **RESPONSE TO REQUEST NO. 30:**

2        Defendant refers to and incorporates by reference all of the General

3  Objections stated above as though set forth in full herein.  Subject to and without

4  waiving the foregoing objections, Defendant responds that it will produce non-

5  privileged items responsive to this request to the extent they exist and/or are in its

6  possession, custody or control, once the Court enters a mutually agreed-upon

7  protective order.

8  **REQUEST NO. 31:**

9        Produce all Documents and Things concerning Your document retention

10  policy.

11  **RESPONSE TO REQUEST NO. 31:**

12        Defendant refers to and incorporates by reference all of the General

13  Objections stated above as though set forth in full herein.  Defendant objects to this

14  request on the grounds that it is overbroad and unduly burdensome at least to the

15  extent that it asks for "all documents."  Subject to and without waiving the

16  foregoing objections, Defendant responds that it will produce non-privileged items

17  responsive to this request to the extent they exist and/or are in its possession,

18  custody or control sufficient to show is retention policy, once the Court enters a

19  mutually agreed-upon protective order.

20  **REQUEST NO. 32:**

21        Produce all Documents and Things that support or relate to your Second

22  Affirmative Defense that "Plaintiff has failed to mitigate or otherwise avoid any

23  damages that it allegedly sustained as a result of Defendant's alleged conduct."

24  **RESPONSE TO REQUEST NO. 32:**

25        Defendant refers to and incorporates by reference all of the General

26  Objections stated above as though set forth in full herein.  Defendant objects to this

27  request on the grounds that the requested documents are equally accessible to

28  Plaintiff.  Defendant also objects to this request to the extent that it seeks

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1  documents that are subject to the attorney-client and/or work product privilege.

2  Subject to and without waiving the foregoing objections, Defendant responds that

3  it will produce non-privileged items responsive to this request to the extent they

4  exist and/or are in its possession, custody or control, once the Court enters a

5  mutually agreed-upon protective order.

6  **REQUEST NO. 33:**

7       Produce all Documents and Things that support or relate to your Third

8  Affirmative Defense that "Plaintiff's claims are barred by the doctrine of equitable

9  estoppel."

10  **RESPONSE TO REQUEST NO. 33:**

11       Defendant refers to and incorporates by reference all of the General

12  Objections stated above as though set forth in full herein.  Defendant objects to this

13  request on the grounds that the requested documents are equally accessible to

14  Plaintiff.  Defendant also objects to this request to the extent that it seeks

15  documents that are subject to the attorney-client and/or work product privilege.

16  Subject to and without waiving the foregoing objections, Defendant responds that

17  it will produce non-privileged items responsive to this request to the extent they

18  exist and/or are in its possession, custody or control, once the Court enters a

19  mutually agreed-upon protective order.

20  **REQUEST NO. 34:**

21       Produce all Documents and Things that support or relate to your Fourth

22  Affirmative Defense that "Plaintiff's claims are barred by the doctrine of laches."

23  **RESPONSE TO REQUEST NO. 34:**

24       Defendant refers to and incorporates by reference all of the General

25  Objections stated above as though set forth in full herein.  Defendant objects to this

26  request on the grounds that the requested documents are equally accessible to

27  Plaintiff.  Defendant also objects to this request to the extent that it seeks

28  documents that are subject to the attorney-client and/or work product privilege.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

20

**RESPONSES TO REQUEST FOR PRODUCTION**

1   Subject to and without waiving the foregoing objections, Defendant responds that

2   it will produce non-privileged items responsive to this request to the extent they

3   exist and/or are in its possession, custody or control, once the Court enters a

4   mutually agreed-upon protective order.

5   **REQUEST NO. 35:**

6       Produce all Documents and Things that support or relate to your Fifth

7   Affirmative Defense that "Plaintiff's claims are barred by the doctrine of waiver."

8   **RESPONSE TO REQUEST NO. 35:**

9       Defendant refers to and incorporates by reference all of the General

10  Objections stated above as though set forth in full herein.  Defendant objects to this

11  request on the grounds that the requested documents are equally accessible to

12  Plaintiff.  Defendant also objects to this request to the extent that it seeks

13  documents that are subject to the attorney-client and/or work product privilege.

14  Subject to and without waiving the foregoing objections, Defendant responds that

15  it will produce non-privileged items responsive to this request to the extent they

16  exist and/or are in its possession, custody or control, once the Court enters a

17  mutually agreed-upon protective order.

18  **REQUEST NO. 36:**

19      Produce all Documents and Things that support or relate to your Sixth

20  Affirmative Defense that "Plaintiff's claims are barred by the doctrine of unclean

21  hands."

22  **RESPONSE TO REQUEST NO. 36:**

23      Defendant refers to and incorporates by reference all of the General

24  Objections stated above as though set forth in full herein.  Defendant objects to this

25  request on the grounds that the requested documents are equally accessible to

26  Plaintiff.  Defendant also objects to this request to the extent that it seeks

27  documents that are subject to the attorney-client and/or work product privilege.

28  Subject to and without waiving the foregoing objections, Defendant responds that

21

**RESPONSES TO REQUEST FOR PRODUCTION**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2058492v1/102566-0001

1   it will produce non-privileged items responsive to this request to the extent they

2   exist and/or are in its possession, custody or control, once the Court enters a

3   mutually agreed-upon protective order.

4   **REQUEST NO. 37:**

5       Produce all Documents and Things that support or relate to your Seventh

6   Affirmative Defense that "Plaintiff's claims are barred by the doctrine of

7   acquiescence."

8   **RESPONSE TO REQUEST NO. 37:**

9       Defendant refers to and incorporates by reference all of the General

10   Objections stated above as though set forth in full herein.  Defendant objects to this

11   request on the grounds that the requested documents are equally accessible to

12   Plaintiff.  Defendant also objects to this request to the extent that it seeks

13   documents that are subject to the attorney-client and/or work product privilege.

14   Subject to and without waiving the foregoing objections, Defendant responds that

15   it will produce non-privileged items responsive to this request to the extent they

16   exist and/or are in its possession, custody or control, once the Court enters a

17   mutually agreed-upon protective order.

18   **REQUEST NO. 38:**

19       Produce all Documents and Things that support or relate to your Eighth

20   Affirmative Defense that "Plaintiff does not have protectable trade secret under

21   California law."

22   **RESPONSE TO REQUEST NO. 38:**

23       Defendant refers to and incorporates by reference all of the General

24   Objections stated above as though set forth in full herein.  Defendant objects to this

25   request on the grounds that the requested documents are equally accessible to

26   Plaintiff.  Defendant also objects to this request to the extent that it seeks

27   documents that are subject to the attorney-client and/or work product privilege.

28   Subject to and without waiving the foregoing objections, Defendant responds that

22

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1   it will produce non-privileged items responsive to this request to the extent they

2   exist and/or are in its possession, custody or control, once the Court enters a

3   mutually agreed-upon protective order.

4   **REQUEST NO. 39:**

5        Produce all Documents and Things that support or relate to your Ninth

6   Affirmative Defense that "Plaintiff is barred from asserting any claim for

7   misappropriation of trade secrets since Plaintiff did not take reasonable precautions

8   to protect its alleged trade secrets."

9   **RESPONSE TO REQUEST NO. 39:**

10        Defendant refers to and incorporates by reference all of the General

11   Objections stated above as though set forth in full herein.  Defendant objects to this

12   request on the grounds that the requested documents are equally accessible to

13   Plaintiff.  Defendant also objects to this request to the extent that it seeks

14   documents that are subject to the attorney-client and/or work product privilege.

15   Subject to and without waiving the foregoing objections, Defendant responds that

16   it will produce non-privileged items responsive to this request to the extent they

17   exist and/or are in its possession, custody or control, once the Court enters a

18   mutually agreed-upon protective order.

19   **REQUEST NO. 40:**

20        Produce all Documents and Things that support or relate to your Tenth

21   Affirmative Defense that "Plaintiff is barred in whole or in part from prosecuting

22   the purported causes of action set forth in the FAC by the doctrine of laches."

23   **RESPONSE TO REQUEST NO. 40:**

24        Defendant refers to and incorporates by reference all of the General

25   Objections stated above as though set forth in full herein.  Defendant objects to this

26   request on the grounds that the requested documents are equally accessible to

27   Plaintiff.  Defendant also objects to this request to the extent that it seeks

28   documents that are subject to the attorney-client and/or work product privilege.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1   Subject to and without waiving the foregoing objections, Defendant responds that

2   it will produce non-privileged items responsive to this request to the extent they

3   exist and/or are in its possession, custody or control, once the Court enters a

4   mutually agreed-upon protective order.

5   **REQUEST NO. 41:**

6         Produce all Documents and Things that support or relate to your Eleventh

7   Affirmative Defense that "Plaintiff is barred in whole or in part from prosecuting

8   the purported causes of action set forth in the FAC by such statutes of limitation as

9   may be application . . . ."

10   **RESPONSE TO REQUEST NO. 41:**

11         Defendant refers to and incorporates by reference all of the General

12   Objections stated above as though set forth in full herein.  Defendant objects to this

13   request on the grounds that the requested documents are equally accessible to

14   Plaintiff.  Defendant also objects to this request to the extent that it seeks

15   documents that are subject to the attorney-client and/or work product privilege.

16   Subject to and without waiving the foregoing objections, Defendant responds that

17   it will produce non-privileged items responsive to this request to the extent they

18   exist and/or are in its possession, custody or control, once the Court enters a

19   mutually agreed-upon protective order.

20   **REQUEST NO. 42:**

21         Produce all Documents and Things that support or relate to your allegation

22   at paragraph 11 of your Counterclaim that "[d]uring negotiations of the

23   contemplated distribution deal, Counterdefendant promised to draft and deliver a

24   memorandum of understanding for Counterclaimant's review."

25   **RESPONSE TO REQUEST NO. 42:**

26         Defendant refers to and incorporates by reference all of the General

27   Objections stated above as though set forth in full herein.  Defendant objects to this

28   request on the grounds that the requested documents are equally accessible to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1  Plaintiff.  Defendant also objects to this request to the extent that it seeks

2  documents that are subject to the attorney-client and/or work product privilege.

3  Subject to and without waiving the foregoing objections, Defendant responds that

4  it will produce non-privileged items responsive to this request to the extent they

5  exist and/or are in its possession, custody or control, once the Court enters a

6  mutually agreed-upon protective order.

7  **REQUEST NO. 43:**

8        Produce all Documents and Things that support or relate to your allegation

9  at paragraph 14 of your Counterclaim that "[a]though Counterclaimant made

10 genuine efforts to advance the contemplated business relationship, ultimately those

11 efforts were unsuccessful . . . ."

12 **RESPONSE TO REQUEST NO. 43:**

13       Defendant refers to and incorporates by reference all of the General

14 Objections stated above as though set forth in full herein.  Defendant objects to this

15 request to the extent that it seeks documents that are subject to the attorney-client

16 and/or work product privilege.  Subject to and without waiving the foregoing

17 objections, Defendant responds that it will produce non-privileged items

18 responsive to this request to the extent they exist and/or are in its possession,

19 custody or control, once the Court enters a mutually agreed-upon protective order.

20 **REQUEST NO. 44:**

21       Produce all Documents and Things that support or relate to your allegation

22 at paragraph 16 of your Counterclaim that "[i]n or about the summer of 2010,

23 Counterclaimant made and eventually won a bid to Costco U.S. to distribute snow

24 bikes for the 2010-2011 winter season. When making this bid, Counterclaimant did

25 not use any alleged trade secret information from Counterdefendant."

26 **RESPONSE TO REQUEST NO. 44:**

27       Defendant refers to and incorporates by reference all of the General

28 Objections stated above as though set forth in full herein.  Defendant objects to this

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

25

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

1    request to the extent that it seeks documents that are subject to the attorney-client

2    and/or work product privilege. Subject to and without waiving the foregoing

3    objections, Defendant responds that it will produce non-privileged items

4    responsive to this request to the extent they exist and/or are in its possession,

5    custody or control, once the Court enters a mutually agreed-upon protective order.

6    **REQUEST NO. 45:**

7       Produce all Documents that support or relate to your contention that

8    "Counterclaimant denies that he ever received protectable trade secret information

9    from Counterdefendant . . . ."

10    **RESPONSE TO REQUEST NO. 45:**

11       Defendant refers to and incorporates by reference all of the General

12    Objections stated above as though set forth in full herein. Defendant objects to this

13    request on the grounds that Plaintiff has failed to "identify the trade secret with

14    reasonable particularity prior to commencing discovery," as required under CCP

15    2019.210. Defendant also objects to this request on the grounds that the requested

16    documents are equally accessible to Plaintiff. Defendant also objects to this

17    request to the extent that it seeks documents that are subject to the attorney-client

18    and/or work product privilege. Subject to and without waiving the foregoing

19    objections, Defendant responds that it will produce non-privileged items

20    responsive to this request to the extent they exist and/or are in its possession,

21    custody or control, once the Court enters a mutually agreed-upon protective order.

22    **REQUEST NO. 46:**

23       Produce all Documents that support or relate to your contention that

24    "Counterclaimant further denies that Counterdefendant was damaged by any

25    actionable conduct by Counterclaimant."

26    **RESPONSE TO REQUEST NO. 46:**

27       Defendant refers to and incorporates by reference all of the General

28    Objections stated above as though set forth in full herein. Defendant objects to this

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO REQUEST FOR PRODUCTION**

LITIOC/2058492v1/102566-0001

request on the grounds that the requested documents are equally accessible to Plaintiff.  Defendant also objects to this request to the extent that it seeks documents that are subject to the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request to the extent they exist and/or are in its possession, custody or control, once the Court enters a mutually agreed-upon protective order.


DATED:  November 26, 2012          STRADLING YOCCA CARLSON & RAUTH


                                   By:  /s/ Sarah S. Brooks
                                        YURI MIKULKA
                                        SARAH S. BROOKS
                                        Attorneys for Defendant and
                                        Counter-Claimant SPORT
                                        DIMENSION, INC.

**RESPONSES TO REQUEST FOR PRODUCTION**

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2058492v1/102566-0001

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2012 Defendant Sport Dimension's responses to Plaintiff Tech-4-Kids' First Set of Requests for Documents and Things were served on all parties or their counsel of record by serving a true and correct copy at the addresses listed below:

VALERIE W. HO
  (hov@gtlaw.com)
FEFFREY F. YEE
  (yeej@gtlaw.com)
MICHAEL STEVEN LAWRENCE
  (lawrencem@gtlaw.com)
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2101
Tel: (310) 586-7700
Fax: (310) 586-7800

*Attorneys for Plaintiff and Counter-Defendant*
TECH-4-KIDS, Inc.

Sarah S. Brooks                          November 26, 2012

1
**CERTIFICATE OF SERVICE**

# EXHIBIT E

1  YURI MIKULKA, SBN 185926
   (ymikulka@sycr.com)
2  SARAH S. BROOKS, SBN 266292
   (sbrooks@sycr.com)
3  STRADLING YOCCA CARLSON & RAUTH
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA  92660-6422
   Telephone:  (949) 725-4000
5  Facsimile:  (949) 725-4100

6  Attorneys for Defendant and
   Counter-Claimant
7  SPORT DIMENSION, INC.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11  TECH-4-KIDS, INC.                CASE NO. 2:12-cv-06769-PA-AJW

12          Plaintiff,               Honorable Percy Anderson

13          vs.

14  SPORT DIMENSION, INC.,           **SPORT DIMENSION, INC.'S
                                     RESPONSES TO TECH-4-KIDS,**
15          Defendant.               **INC.'S SECOND SET OF REQUESTS
                                     FOR THE PRODUCTION OF**
16                                   **DOCUMENTS AND THINGS**

17
                                     First Amended Complaint Filed:  August
18                                   17, 2012

19
   SPORT DIMENSION, INC.,
20
          Counter-Claimant,
21
          vs.
22

23  TECH-4-KIDS, INC.,

24          Counter-Defendant.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

LITIOC/2061754v1/102566-0001

PROPOUNDING PARTY:     Plaintiff Tech-4-Kids, Inc.

RESPONDING PARTY:      Defendant Sport Dimension, Inc.

SET NO.:               Two (2)

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Sport Dimension, Inc. ("Defendant"), through its counsel, hereby responds and objects to Tech-4-Kids, Inc.'s ("Tech-4-Kids" or "Plaintiff") Second Set of Requests for the Production of Documents and Things (Nos. 47-53) to Sport Dimension, Inc. ("Requests"), as follows:

## PRELIMINARY STATEMENT

     Defendant and its attorneys' investigation and analysis are continuing and not complete, and their discovery is at an early stage.  Defendant reserves the right without limitation, to amend, modify, or supplement, these responses, to set forth any additional information that is relevant to these responses which Defendant and/or its attorneys subsequently learn or discover, to set forth any additional information which Defendant and/or its attorneys subsequently conclude is relevant to these responses and/or to use and introduce such information at any hearings or trial of this action whether or not these responses are so supplemented.

     By service of these responses, Defendant does not waive or re-start the time period for filing of any motion to compel.

## GENERAL OBJECTIONS

    1.    Defendant hereby asserts the following General Objections (the "General Objections") to the Requests, each of which is hereby incorporated by reference into the response to each individual Request below.  From time to time, and for purpose of emphasis, Defendant may restate one or more of the General Objections as specific objections to individual Requests.  Such restatement, or the failure to restate, should not be taken as a waiver of any General Objection not restated.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

LITIOC/2061754v1/102566-0001

2.     Defendant objects and responds to the Requests on the basis of facts and circumstances as they are presently known to Defendant.  Defendant has not completed its discovery and preparation for trial.  Accordingly, all of the following objections and responses are provided without prejudice to Defendant's right to introduce at trial any evidence it subsequently discovers.  Defendant reserves the right to supplement his objections and responses to the Requests based upon newly-discovered evidence of information of which Defendant is not aware as of the present date.

3.     Defendant objects to the Requests insofar as they seek information or documents that are privileged and/or protected from disclosure by the attorney-client privilege, the work-product doctrine, the privacy privilege, the joint-defense privilege or any other privilege or immunity, and refuses to produce any such document(s).  Defendant does not intend by these responses or objections to waive any claim or privilege or immunity.  Defendant's objections and responses are conditioned specifically on the understanding that the provision of information for which any claim of privilege is applicable shall be deemed inadvertent and not a waiver of the claim of privilege.

4.     Defendant objects to the Requests to the extent that they call for the production of documents that are protected by the privacy rights of itself or any other person or entity as provided by the California and United States Constitution and/or any other statute or legal authority.

5.     Defendant objects to the Requests to the extent that they call for the production of trade secrets, confidential information and proprietary information regarding Defendant's business and/or business operations.

6.     Inadvertent production of any document that is privileged, or which is otherwise immune from discovery, shall not constitute, and is in no way intended as, a waiver of any privilege or any other ground for objecting to such discovery

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

LITIOC/2061754v1/102566-0001

1  with respect to such document or any other document, the subject matter thereof,

2  the information contained therein, during any subsequent proceeding.

3        7.    Defendant reserves the right to produce only the responsive portions

4  of documents where such document also contain information that is not relevant to

5  the subject matter of this action, is not reasonably calculated to lead to the

6  discovery of admissible evidence, is privileged or is otherwise protected from

7  disclosure.

8        8.    Defendant objects to producing multiple copies of the same document,

9  and the same document in multiple formats (*e.g.* hard copy and electronic copy).

10  Where multiple copies of multiple formats exist, Defendant will produce only one

11  copy or format of the same document.

12        9.    It should not be inferred from the form or substance of any objection

13  or response herein that documents responsive to any particular Request exist.

14        10.    Defendant objects to the definitions and instructions contained in the

15  Requests to the extent that they impose obligations on Defendant beyond those

16  permitted by the Federal Rules of Civil Procedure and applicable case law.

17  Defendant will interpret each Request and respond pursuant to, and in light of, the

18  requirements of the Federal Rules of Civil Procedure and applicable case law.

19        11.    Defendant objects to the Requests to the extent they seek information

20  from time periods not relevant to this action. Without further limitation as to time,

21  the Requests are overbroad, unduly burdensome, seek irrelevant information, and

22  are not reasonably calculated to lead to the discovery of admissible evidence.

23        12.    Defendant objects to the Requests on the grounds that Plaintiff has

24  failed to identify the trade secret with reasonable particularity prior to commencing

25  discovery, as required under California Code of Civil Procedure 2019.210.

26        13.    Defendant objects to producing documents that are in the possession,

27  custody or control of Plaintiff or equally available to Plaintiff, including

28

3

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

LITIOC/2061754v1/102566-0001

1  correspondence exchanged between Defendant and Plaintiff, or either of them, and

2  documents exchanged or filed in connection with this litigation.

3      14.    The General Objections set forth above apply to, and are hereby

4  incorporated into each specific response and/or objection set forth below.

5  Defendant responds and/or objects to each Request subject to these General

6  Objections, and without waiving them.

7          **RESPONSES TO REQUESTS FOR PRODUCTION**

8  **REQUEST NO. 47:**

9      Produce all Documents, including any invoices, specifications,

10  Communications, or other product development documents related to the

11  conception, design, or manufacture of the snow bike sample referenced in Your

12  January 19, 2010 email marked as Bates no. SDI 001132.

13  **RESPONSE TO REQUEST NO. 47:**

14      Defendant refers to and incorporates by reference all of the General

15  Objections stated above as though set forth in full herein.  Subject to and without

16  waiving the foregoing objections, Defendant responds that it will produce non-

17  privileged items responsive to this request to the extent they exist and/or are in its

18  possession, custody or control.

19  **REQUEST NO. 48:**

20      Produce all Documents related to the 100 club test of the snow bike product

21  with Sam's Club referenced in Your April 16, 2009 email marked as Bates no. SDI

22  001248.

23  **RESPONSE TO REQUEST NO. 48:**

24      Defendant refers to and incorporates by reference all of the General

25  Objections stated above as though set forth in full herein.  Subject to and without

26  waiving the foregoing objections, Defendant responds that it will produce non-

27  privileged items responsive to this request to the extent they exist and/or are in its

28  possession, custody or control.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

LITIOC/2061754v1/102566-0001

**REQUEST NO. 49:**

Produce all Communications concerning the distribution relationship You discussed in Your March 2009 email exchange with Plaintiff marked as Bates no. T4KP000067-80.

**RESPONSE TO REQUEST NO. 49:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff.  Defendant further objects to this request on the grounds that it is vague and ambiguous at least to the extent that the term "distribution relationship" is not defined.  Defendant also objects to this request on the grounds that "distribution relationship" is a legal conclusion.  Subject to and without waiving the foregoing objections, Defendant responds that it will produce non-privileged items responsive to this request related to T4KP000067-80 and to the extent they exist and/or are in its possession, custody or control.

**REQUEST NO. 50:**

Produce all Documents related to Your possession or receipt of the information Plaintiff sent to you in March 2009 supporting the distribution relationship that the parties discussed, including, but not limited to, the sales information marked as Bates no. SDI 001200-01 and SDI 01193-94.

**RESPONSE TO REQUEST NO. 50:**

Defendant refers to and incorporates by reference all of the General Objections stated above as though set forth in full herein.  Defendant objects to this request on the grounds that the requested documents are equally accessible to Plaintiff.  Defendant further objects to this request on the grounds that it is vague and ambiguous at least to the extent that the terms "distribution relationship" and "sales information" are not defined.  Defendant also objects to this request on the grounds that "distribution relationship" is a legal conclusion.  Subject to and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
LITIOC/2061754v1/102566-0001

1  without waiving the foregoing objections, Defendant responds that it will produce

2  non-privileged items responsive to this request related to SDI 001200-01 and SDI

3  01193-94 and to the extent they exist and/or are in its possession, custody or

4  control.

5  **REQUEST NO. 51:**

6       Produce all Documents related to the "overall comparison" You referenced

7  in your email marked as Bates no. SDI 001143.

8  **RESPONSE TO REQUEST NO. 51:**

9       Defendant refers to and incorporates by reference all of the General

10  Objections stated above as though set forth in full herein.  Subject to and without

11  waiving the foregoing objections, Defendant responds that it will produce non-

12  privileged items responsive to this request to the extent they exist and/or are in its

13  possession, custody or control.

14  **REQUEST NO. 52:**

15       Produce all Documents that You attached to Your email marked as Bates no.

16  SDI 001143.

17  **RESPONSE TO REQUEST NO. 52:**

18       Defendant refers to and incorporates by reference all of the General

19  Objections stated above as though set forth in full herein.  Subject to and without

20  waiving the foregoing objections, Defendant responds that it will produce non-

21  privileged items responsive to this request to the extent they exist and/or are in its

22  possession, custody or control.

23  **REQUEST NO. 53:**

24       Produce all Communications between You and Sam's Club concerning

25  Plaintiff or Plaintiff's Products.

26  **RESPONSE TO REQUEST NO. 53:**

27       Defendant refers to and incorporates by reference all of the General

28  Objections stated above as though set forth in full herein.  Defendant objects to this

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

LITIOC/2061754v1/102566-0001

1    request on the grounds that it is overly broad and unduly burdensome at least to the

2    extent that it is not limited in time and scope, and also to the extent that the

3    requested documents are not within Defendant's possession, custody or control.

4    Subject to and without waiving the foregoing objections, Defendant responds that

5    it will produce non-privileged items responsive to this request from 2009 until

6    present day to the extent they exist and/or are in its possession, custody or control.

7

8    DATED:  February 6, 2013          STRADLING YOCCA CARLSON &
                                       RAUTH

9

10                                     By:   /s/Sarah S. Brooks
                                             YURI MIKULKA
11                                           SARAH S. BROOKS
                                             Attorneys for Defendant and
12                                           Counter-Claimant SPORT
                                             DIMENSION, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
LITIOC/2061754v1/102566-0001

# CERTIFICATE OF SERVICE

I certify that on February 6, 2013, ***Defendant Sport Dimension, Inc.'s Response to Tech-4-Kids, Inc.'s Second Set of Requests for the Production of Documents*** were served on all parties or their counsel of record by serving a true and correct copy at the addresses listed below:

VALERIE W. HO
  (hov@gtlaw.com)
FEFFREY F. YEE
  (yeej@gtlaw.com)
MICHAEL STEVEN LAWRENCE
  (lawrencem@gtlaw.com)
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2101
Tel: (310) 586-7700
Fax: (310) 586-7800

*Attorneys for Plaintiff and Counter-Defendant*
TECH-4-KIDS, INC.

/s/ Sarah S. Brooks _____          February 6, 2013 ___
Sarah S. Brooks                              Date

1

**CERTIFICATE OF SERVICE**

LITIOC/2061754v1/102566-0001

# EXHIBIT F

1   YURI MIKULKA, SBN 185926
  (ymikulka@sycr.com)
2   SARAH S. BROOKS, SBN 266292
  (sbrooks@sycr.com)
3   STRADLING YOCCA CARLSON & RAUTH
  660 Newport Center Drive, Suite 1600
4   Newport Beach, CA  92660-6422
  Telephone:  (949) 725-4000
5   Facsimile:  (949) 725-4100

6   Attorneys for Defendant and
  Counter-Claimant
7   SPORT DIMENSION, INC.

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10             **WESTERN DIVISION**

| | |
|---|---|
| 11   TECH-4-KIDS, INC. | CASE NO. 2:12-cv-06769-PA-AJW |
| 12         Plaintiff, | Honorable Percy Anderson |
| 13         vs. | |
| 14   SPORT DIMENSION, INC., | **SPORT DIMENSION, INC.'S** |
| 15         Defendant. | **RESPONSES TO TECH-4-KIDS, INC.'S THIRD SET OF REQUESTS** |
| 16 | **FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| 17 | |
| 18 | **Initial Complaint Filed**: December 6, 2011 |
| 19 | **First Amended Complaint Filed**: August 17, 2012 |
| 20 | |
| 21 | **Second Amended Complaint Filed**: March 4, 2013 |
| 22   SPORT DIMENSION, INC., | |
| 23         Counter-Claimant, | |
| 24         vs. | |
| 25 | |
| 26   TECH-4-KIDS, INC., | |
| 27         Counter-Defendant. | |

28

**RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
LITIOC/2065605v1/102566-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

LITIOC/2065605v1/102566-0001

1   PROPOUNDING PARTY:       Plaintiff Tech-4-Kids, Inc.

2   RESPONDING PARTY:        Defendant Sport Dimension, Inc.

3   SET NO.:                 Three (3)

4          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant

5   Sport Dimension, Inc. ("Defendant"), through its counsel, hereby responds and

6   objects to Tech-4-Kids, Inc.'s ("Tech-4-Kids" or "Plaintiff") Third Set of Requests

7   for the Production of Documents and Things (Nos. 54-60) to Sport Dimension, Inc.

8   ("Requests"), as follows:

9                          **PRELIMINARY STATEMENT**

10         Defendant and its attorneys' investigation and analysis are continuing and

11  not complete, and their discovery is at an early stage.  Defendant reserves the right

12  without limitation, to amend, modify, or supplement, these responses, to set forth

13  any additional information that is relevant to these responses which Defendant

14  and/or its attorneys subsequently learn or discover, to set forth any additional

15  information which Defendant and/or its attorneys subsequently conclude is

16  relevant to these responses and/or to use and introduce such information at any

17  hearings or trial of this action whether or not these responses are so supplemented.

18         By service of these responses, Defendant does not waive or re-start the time

19  period for filing of any motion to compel.

20                          **GENERAL OBJECTIONS**

21         1.     Defendant hereby asserts the following General Objections (the

22  "General Objections") to the Requests, each of which is hereby incorporated by

23  reference into the response to each individual Request below.  From time to time,

24  and for purpose of emphasis, Defendant may restate one or more of the General

25  Objections as specific objections to individual Requests.  Such restatement, or the

26  failure to restate, should not be taken as a waiver of any General Objection not

27  restated.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
LITIOC/2065605v1/102566-0001

2.      Defendant objects and responds to the Requests on the basis of facts and circumstances as they are presently known to Defendant.  Defendant has not completed its discovery and preparation for trial.  Accordingly, all of the following objections and responses are provided without prejudice to Defendant's right to introduce at trial any evidence it subsequently discovers.  Defendant reserves the right to supplement his objections and responses to the Requests based upon newly-discovered evidence of information of which Defendant is not aware as of the present date.

3.      Defendant objects to the Requests insofar as they seek information or documents that are privileged and/or protected from disclosure by the attorney-client privilege, the work-product doctrine, the privacy privilege, the joint-defense privilege or any other privilege or immunity, and refuses to produce any such document(s).  Defendant does not intend by these responses or objections to waive any claim or privilege or immunity.  Defendant's objections and responses are conditioned specifically on the understanding that the provision of information for which any claim of privilege is applicable shall be deemed inadvertent and not a waiver of the claim of privilege.

4.      Defendant objects to the Requests to the extent that they call for the production of documents that are protected by the privacy rights of itself or any other person or entity as provided by the California and United States Constitution and/or any other statute or legal authority.

5.      Defendant objects to the Requests to the extent that they call for the production of trade secrets, confidential information and proprietary information regarding Defendant's business and/or business operations.

6.      Inadvertent production of any document that is privileged, or which is otherwise immune from discovery, shall not constitute, and is in no way intended as, a waiver of any privilege or any other ground for objecting to such discovery

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

LITIOC/2065605v1/102566-0001

1   with respect to such document or any other document, the subject matter thereof,

2   the information contained therein, during any subsequent proceeding.

3        7.    Defendant reserves the right to produce only the responsive portions

4   of documents where such document also contain information that is not relevant to

5   the subject matter of this action, is not reasonably calculated to lead to the

6   discovery of admissible evidence, is privileged or is otherwise protected from

7   disclosure.

8        8.    Defendant objects to producing multiple copies of the same document,

9   and the same document in multiple formats (*e.g.* hard copy and electronic copy).

10   Where multiple copies of multiple formats exist, Defendant will produce only one

11   copy or format of the same document.

12        9.    It should not be inferred from the form or substance of any objection

13   or response herein that documents responsive to any particular Request exist.

14       10.    Defendant objects to the definitions and instructions contained in the

15   Requests to the extent that they impose obligations on Defendant beyond those

16   permitted by the Federal Rules of Civil Procedure and applicable case law.

17   Defendant will interpret each Request and respond pursuant to, and in light of, the

18   requirements of the Federal Rules of Civil Procedure and applicable case law.

19       11.    Defendant objects to the Requests to the extent they seek information

20   from time periods not relevant to this action.  Without further limitation as to time,

21   the Requests are overbroad, unduly burdensome, seek irrelevant information, and

22   are not reasonably calculated to lead to the discovery of admissible evidence.

23       12.    Defendant objects to the Requests on the grounds that Plaintiff has

24   failed to identify the trade secret with reasonable particularity prior to commencing

25   discovery, as required under California Code of Civil Procedure 2019.210.

26       13.    Defendant objects to producing documents that are in the possession,

27   custody or control of Plaintiff or equally available to Plaintiff, including

28

1  correspondence exchanged between Defendant and Plaintiff, or either of them, and

2  documents exchanged or filed in connection with this litigation.

3       14.    The General Objections set forth above apply to, and are hereby

4  incorporated into each specific response and/or objection set forth below.

5  Defendant responds and/or objects to each Request subject to these General

6  Objections, and without waiving them.

7                **RESPONSES TO REQUESTS FOR PRODUCTION**

8  **REQUEST NO. 54:**

9       Produce all backup and supporting Documents and Information, including raw

10  data and databases, relating to the contents of the document Bates no. SDI 015722.

11  **RESPONSE TO REQUEST NO. 54:**

12       Defendant refers to and incorporates by reference all of the General

13  Objections stated above as though set forth in full herein.  Defendant objects to this

14  request on the grounds that it is overly broad and unduly burdensome at least to the

15  extent that it asks for "all backup and supporting documents" and all "raw data and

16  databases."  Subject to and without waiving the foregoing objections, Defendant

17  responds that it will produce reasonable backup and supporting items responsive to

18  this request related to the contents of SDI 015722 to the extent they exist and/or are

19  in its possession, custody or control and are not privileged.

20  **REQUEST NO. 55:**

21       Produce all backup and supporting Documents and Information, including raw

22  data and databases, relating to the contents of the document Bates no. SDI 015734.

23  **RESPONSE TO REQUEST NO. 55:**

24       Defendant refers to and incorporates by reference all of the General

25  Objections stated above as though set forth in full herein.  Defendant objects to this

26  request on the grounds that it is overly broad and unduly burdensome at least to the

27  extent that is asks for "all backup and supporting documents" and all "raw data and

28  databases."  Subject to and without waiving the foregoing objections, Defendant

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
LITIOC/2065605v1/102566-0001

1  responds that it will produce reasonable backup and supporting items responsive to

2  this request related to the contents of SDI 015734 to the extent they exist and/or are

3  in its possession, custody or control and are not privileged.

4  **REQUEST NO. 56:**

5      Produce all Documents relating to, substantiating, or identifying the "Landed

6  cost" referenced in the document Bates no. SDI 015734.

7  **RESPONSE TO REQUEST NO. 56:**

8      Defendant refers to and incorporates by reference all of the General

9  Objections stated above as though set forth in full herein.  Defendant objects to this

10  request on the grounds that it is overly broad and unduly burdensome at least to the

11  extent that it asks for all documents relating to, substantiating or identifying the

12  "landed cost."  Subject to and without waiving the foregoing objections, Defendant

13  responds that it will produce reasonable backup and supporting items responsive to

14  this request related to the "landed cost" identified in SDI 015734 to the extent they

15  exist and/or are in its possession, custody or control and are not privileged.

16  **REQUEST NO. 57:**

17      Produce all purchase orders, shipping orders and/or bills of lading associated

18  with the sale of snow bikes by Sport Dimension and/or Stallion from 2008 to the

19  present.

20  **RESPONSE TO REQUEST NO. 57:**

21      Defendant refers to and incorporates by reference all of the General

22  Objections stated above as though set forth in full herein.  Defendant objects to this

23  request on the grounds that it is overly broad and unduly burdensome at least to the

24  extent that it asks for "all" purchase orders, shipping order and/or bills of lading.

25  Defendant also objects to the request on the grounds that the requested documents

26  are not within the Defendant's possession, custody or control.  Defendant further

27  objects to this request on the grounds that Stallion is not a party to this action.

28  Subject to and without waiving the foregoing objections, Defendant responds that

5

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

LITIOC/2065605v1/102566-0001

1  it will produce non-privileged items responsive to this request to the extent they

2  exist and/or are in its possession, custody or control.

3  **REQUEST NO. 58:**

4      Produce all Documents and things relating to Stallion's sale of snow bikes.

5  **RESPONSE TO REQUEST NO. 58:**

6      Defendant refers to and incorporates by reference all of the General

7  Objections stated above as though set forth in full herein.  Defendant objects to this

8  request on the grounds that the requested documents are not within Defendant's

9  possession, custody or control.  Defendant also objects to this request on the

10  grounds that Stallion is not a party to this action.

11  **REQUEST NO. 59:**

12      Produce all financial documents, financial statements, and sales spreadsheets

13  relating to snow bikes exchanged between Sport Dimension and Stallion from 2010 to

14  the present.

15  **RESPONSE TO REQUEST NO. 59:**

16      Defendant refers to and incorporates by reference all of the General

17  Objections stated above as though set forth in full herein.  Defendant objects to this

18  request on the grounds that it is overly broad and unduly burdensome at least to the

19  extent the request asks for "all" financial documents, statements and sales

20  spreadsheets.  Defendant also objects to this request on the grounds that the

21  requested documents are not within the Defendant's possession, custody or control.

22  Subject to and without waiving the foregoing objections, Defendant responds that

23  it will produce non-privileged items responsive to this request to the extent they

24  exist and/or are in its possession, custody or control.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

LITIOC/2065605v1/102566-0001

1   **REQUEST NO. 60.**

2        Produce all yearly and quarterly income statements, earning statements,

3   profit & loss statements, and balance sheets belonging to Sport Dimension or

4   Stallion from 2008 to the present.

5   **RESPONSE TO REQUEST NO. 60:**

6        Defendant refers to and incorporates by reference all of the General

7   Objections stated above as though set forth in full herein.  Defendant objects to this

8   request on the grounds that it is overly broad and unduly burdensome at least to the

9   extent the request asks for "all" financial documents, statements and sales

10  spreadsheets.  Defendant also objects to this request on the grounds that the

11  requested documents are not within the Defendant's possession, custody or control.

12  Finally, Defendant objects to this request on the grounds that the requested

13  information is not relevant or related to the product at issue in this litigation.

14

15  DATED:  March 11, 2013              STRADLING YOCCA CARLSON &
                                       RAUTH

16

17                          By:   /s/Sarah S. Brooks
                                  YURI MIKULKA
18                                SARAH S. BROOKS
                                  Attorneys for Defendant and
19                                Counter-Claimant SPORT
                                  DIMENSION, INC.
20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

LITIOC/2065605v1/102566-0001

# CERTIFICATE OF SERVICE

I certify that on March 11, 2013, **Defendant Sport Dimension, Inc.'s Response to Tech-4-Kids, Inc.'s Third Set of Requests for the Production of Documents** were served on all parties or their counsel of record by serving a true and correct copy at the addresses listed below:

VALERIE W. HO
  (hov@gtlaw.com)
FEFFREY F. YEE
  (yeej@gtlaw.com)
MICHAEL STEVEN LAWRENCE
  (lawrencem@gtlaw.com)
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2101
Tel: (310) 586-7700
Fax: (310) 586-7800

*Attorneys for Plaintiff and Counter-Defendant*
TECH-4-KIDS, INC.


/s/ Sarah S. Brooks _____          March 11, 2013 ___
Sarah S. Brooks                      Date

1
**CERTIFICATE OF SERVICE**

# EXHIBIT G
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT H
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT I
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT J
## FILED UNDER SEAL PURSUANT
## TO PROTECTIVE ORDER

# EXHIBIT K

FREE listing your business Online
Company Profile, Products, TradeLeads

Share to Twitter    Share to Google
Share to Facebook   Share to Delicious

Home     Reviews     Categories     Regions     Trade Leads     Sell Leads     Buy leads     Search     Member

Shop Now and Save at Amazon.com!        Welcome Guest, Join Free | Sign In | Help

**Position:** Global Manufacturers - Sports & Entertainment / Sport Products - Hong Kong - Profile      [ Rss Feed ]

# Stallion Sport

[Report Abuse]   [Claim This]   (Submit: Company   TradeLeads)



**Company Name:** Stallion Sport
**Business Owner:** Joseph Lin
**Employees:** 11 - 50 People
**Main markets:** Western Europe
**Business Type:** Trading Company
**Product/Service:** Personal Flotation Device (PFD), Wetsuits, Bicycles, Snow Sleds, Camping gear, pool recreational products
**About Us:** Stallion Sport was established in 1992 in Los Angeles California before moving to Hong Kong in 2002.

**Get Coupons ▶**

We are a licensing company specializing in the research and development of sports and active products.

We supply our customers with products to satisfy all their active needs. Whether its surfing, diving, boating, wakeboarding, waterskiing, jet-skiing, or just lazing about the pool, Stallion has done it before and can do it for you.

Our products are designed to fit, protect and be enjoyed by all ages; from infants getting their feet wet to the athlete at the top of their game, our diversity of knowledge and skills ensure a wide product spread.

**Category:** Sports & Entertainment - Sport Products
**Region:** Hong Kong Stallion Sport
**Link Tool:** Hong Kong Sports & Entertainment - Hong Kong Sport Products
**Tags:** jet sking - moving to hong kong - active products
**Contact Person:** Mr. Ben Kerr
**Zip Code:** -------
**Website:** http://www.gmdu.net/corp-391615.html
**Address:** 6 Shing Yip Street, Hong Kong
**Telephone:** 852-2145 7188
**Fax:** 852-21457788
**PDF:** Stallion Sport PDF
**Google Map:** Stallion Sport Map

## Where to Get Coconut Oil

TropicalTraditions.com
Get organic Gold Label Virgin Coconut Oil. Discounts, bulk sizes.



AdChoices ▷

**Relate Trade Leads:** Sports & Entertainment - Sport Products - Hong Kong [Post Trade Leads]

[Sell] inflatable water park amusement equipments      [Sell] treadmill
[Sell] swimming pool equipment supplier      [Sell] Brand New Inbox 2012 Segway X2
[Sell] China Best Kayak Seats/Pads Supplier      [Sell] roulette wheel

**Company Reviews: Stallion Sport**

No advertising and No spamming please

Your Name: _____
Your Rating: Rating 4 (Good)

**Recently Updated**

GEO HWA RUBBER HOSE
Viet-Export Corporation
Himler Homes International
Bana Toys Firm
FLAVONES
Sweet Lead Herbal Incense
IVY HANDCRAFTS
Mould Steel Hotline
Hangzhou Huashun Auto Parts Factory
I.V.Equipment
Go Getters Trading(Pty) Ltd
Horse Tack and Saddlery
Maple trading
Arbrapalabra
Unique Fashion Technology Co., Ltd
NKC Auto Mobiles
Eng Kok Consultancy

**Related Company**

HONGKONG CALO IMP. & EXP. TRADING CO., LIMITED
Wokai Chemical Co., Limited
Wai Cheong Trading Company
Attamark Products Ltd.
Gethsemane Company Ltd.
Wing Hop Poultry Feed Co Ltd
Win Tak Industrial Co.
Dragon Supplies Ltd
Sunset Farms inc / Sunset Corp. USA
Pacific Traders
YMG International (HK) Co.,Limited
Scaffolding Factory. Co
shix tec & bio co. ltd.
IAP Business Services Ltd
Orientlink (Hong Kong) Ltd.
Grey Technology (HK) Ltd
HK UPPER BOND INDUSTRIAL LTD
Bun Chuen

Comment:

Submit:   Click to Post Comment

*Stallion Sport*  No reviews currently

No reviews currently, you may post the first one.

Click Stallion Sport Company Reviews to see all Reviews.

Search

Jet Sking  Moving To Hong Kong  Active Products  Sport Products  Hong Kong

About Us - Contact Us - Privacy Policy - Report Abuse

CopyRight 2008-2013 © All Rights Reserved

Global Manufacturers

# EXHIBIT L
# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT M





HOME    COMPANY    PRODUCTS    CUSTOMER CARE    CAREERS    CONTACT

**CUSTOMER CARE AND WARRANTY INFORMATION:**
- Wetsuit Care and Warranty
- PFD Care and Warranty
- Bodyboards Care and Warranty
- Sea-Doo Seascooters™ Care and Warranty
- Warning for Non-Coast Guard Approved PFD
- Skimboards Care and Warranty
- Snow Bikes Care and Warranty

Copyright 2007 Sportdimension.com All Rights Reserved

Generated by www.PDFonFly.com at 4/5/2013 4:17:40 PM
URL: http://www.sportdimension.com/customercare.html



COMPANY   PRODUCTS   NEWS & EVENTS   PRESS   DOWNLOADS   SUPPORT   ONLINE SHOP



# Warranty
## & claims



CLAIM FORM DOWNLOAD                                    Last Update: 06 Oct, 2011

**Please choose your purchase territory -**

**COSTCO USA**
YAMAHA SNOW BIKE [click here]

NEWS IN BRIEF   

FOLLOW US     f

# EXHIBIT N



# EXHIBIT O

Side - 1

## NOTICE OF ACCEPTANCE AND ACKNOWLEDGEMENT OF §§8 & 15 DECLARATION
**MAILING DATE: Mar 20, 2012**

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force.

For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:**    **3069995**
**MARK:**                  **SNOWSLIDER**
**OWNER:**               **Sport Dimension, Inc.**

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

Raymond Sun
LAW OFFICES OF RAYMOND SUN
20 CORPORATE PARK STE 155
IRVINE, CA   92606-5183

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 09/30/2014)

# Combined Declaration of Use and Incontestability under Sections 8 & 15

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **REGISTRATION NUMBER** | 3069995 |
| **REGISTRATION DATE** | 03/21/2006 |
| **SERIAL NUMBER** | 76634966 |
| **MARK SECTION** | |
| MARK | SNOWSLIDER |
| **ATTORNEY SECTION (current)** | |
| NAME | Raymond Sun |
| FIRM NAME | LAW OFFICES OF RAYMOND SUN |
| STREET | 20 CORPORATE PARK STE 155 |
| CITY | IRVINE |
| STATE | California |
| POSTAL CODE | 92606-5183 |
| COUNTRY | United States |
| PHONE | 949-252-9180 |
| FAX | 949-251-9280 |
| **ATTORNEY SECTION (proposed)** | |
| NAME | Raymond Sun |
| FIRM NAME | LAW OFFICES OF RAYMOND SUN |
| STREET | 20 CORPORATE PARK STE 155 |
| CITY | IRVINE |
| STATE | California |
| POSTAL CODE | 92606-5183 |
| COUNTRY | United States |

| PHONE | 949-252-9180 |
|---|---|
| FAX | 949-251-9280 |
| EMAIL | rsunlaw@aol.com |

## CORRESPONDENCE SECTION (current)

| NAME | RAYMOND SUN |
|---|---|
| FIRM NAME | LAW OFFICES OF RAYMOND SUN |
| STREET | 20 CORPORATE PARK STE 155 |
| CITY | IRVINE |
| STATE | California |
| POSTAL CODE | 92606-5183 |
| COUNTRY | United States |
| PHONE | 949-252-9180 |
| FAX | 949-251-9280 |

## CORRESPONDENCE SECTION (proposed)

| NAME | RAYMOND SUN |
|---|---|
| FIRM NAME | LAW OFFICES OF RAYMOND SUN |
| STREET | 20 CORPORATE PARK STE 155 |
| CITY | IRVINE |
| STATE | California |
| POSTAL CODE | 92606-5183 |
| COUNTRY | United States |
| PHONE | 949-252-9180 |
| FAX | 949-251-9280 |
| EMAIL | rsunlaw@aol.com |

## GOODS AND/OR SERVICES SECTION

| INTERNATIONAL CLASS | 028 |
|---|---|
| GOODS OR SERVICES | Snow sleds for recreational use |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT11\IMAGEOUT 11\766\349\76634966\xml1\ 8150002.JPG |
| SPECIMEN DESCRIPTION | Photograph of an actual product |

## OWNER SECTION (current)

| NAME | Sport Dimension, Inc. |
|---|---|
| STREET | 2860 California Street |
| CITY | Torrance |
| STATE | California |
| ZIP/POSTAL CODE | 90503 |
| COUNTRY | United States |

**OWNER SECTION (proposed)**

| NAME | Sport Dimension, Inc. |
|---|---|
| STREET | 966 Sandhill Avenue |
| CITY | Carson |
| STATE | California |
| ZIP/POSTAL CODE | 90746 |
| COUNTRY | United States |

**LEGAL ENTITY SECTION (current)**

| TYPE | corporation |
|---|---|
| STATE/COUNTRY OF INCORPORATION | California |

**PAYMENT SECTION**

| NUMBER OF CLASSES | 1 |
|---|---|
| NUMBER OF CLASSES PAID | 1 |
| SUBTOTAL AMOUNT | 300 |
| TOTAL FEE PAID | 300 |

**SIGNATURE SECTION**

| SIGNATURE | /Raymond Sun/ |
|---|---|
| SIGNATORY'S NAME | Raymond Sun |
| SIGNATORY'S POSITION | Attorney of record, CA138363 |
| DATE SIGNED | 02/08/2012 |
| SIGNATORY'S PHONE NUMBER | 949-252-9180 |
| PAYMENT METHOD | CC |

| **FILING INFORMATION** | |
|---|---|
| SUBMIT DATE | Wed Feb 08 12:29:04 EST 2012 |

| TEAS STAMP | USPTO/S08N15-98.189.37,29<br>-20120208122904378308-306<br>9995-49059745f29b247ec080<br>1588865a9c2b9-CC-9984-201<br>202081219360036014 |
| --- | --- |

PTO Form 1583 (Rev 5/2006)
OMB No. 0651-0055 (Exp 09/30/2014)

# Combined Declaration of Use and Incontestability under Sections 8 & 15
## To the Commissioner for Trademarks:

**REGISTRATION NUMBER:** 3069995
**REGISTRATION DATE:** 03/21/2006

**MARK:** SNOWSLIDER

The owner, Sport Dimension, Inc., a corporation of California, having an address of
    966 Sandhill Avenue
    Carson, California 90746
    United States
is filing a Combined Declaration of Use and Incontestability under Sections 8 & 15.

For International Class 028, the mark is in use in commerce on or in connection with **all** of the goods or services listed in the existing registration for this specific class: Snow sleds for recreational use; **and** the mark has been continuously used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods or services listed in the existing registration for this class. Also, no final decision adverse to the owner's claim of ownership of such mark for those goods or services exists, or to the owner's right to register the same or to keep the same on the register; and, no proceeding involving said rights pending and not disposed of in either the U.S. Patent and Trademark Office or the courts exists.

The owner is submitting one specimen for this class showing the mark as used in commerce on or in connection with any item in this class, consisting of a(n) Photograph of an actual product.
Specimen File1
The registrant's current Attorney Information: Raymond Sun of LAW OFFICES OF RAYMOND SUN
    20 CORPORATE PARK STE 155
    IRVINE, California (CA) 92606-5183
    United States


The registrant's proposed Attorney Information: Raymond Sun of LAW OFFICES OF RAYMOND SUN
    20 CORPORATE PARK STE 155
    IRVINE, California (CA) 92606-5183
    United States



The phone number is 949-252-9180.

The fax number is 949-251-9280.

The email address is rsunlaw@aol.com.

The registrant's current Correspondence Information: RAYMOND SUN of LAW OFFICES OF RAYMOND SUN
    20 CORPORATE PARK STE 155
    IRVINE, California (CA) 92606-5183
    United States

The registrant's proposed Correspondence Information: RAYMOND SUN of LAW OFFICES OF RAYMOND SUN
    20 CORPORATE PARK STE 155
    IRVINE, California (CA) 92606-5183
    United States

The phone number is 949-252-9180.

The fax number is 949-251-9280.

The email address is rsunlaw@aol.com.

A fee payment in the amount of $300 will be submitted with the form, representing payment for 1 class(es), plus any additional grace period fee, if necessary.

### Declaration

*The mark is in use in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark has been in continuous use in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce. There has been no final decision adverse to the owner's claim of ownership of such mark, or to the owner's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the U.S. Patent and Trademark Office or in the courts.*

The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

Signature: /Raymond Sun/    Date: 02/08/2012
Signatory's Name: Raymond Sun
Signatory's Position: Attorney of record, CA138363
Signatory's Phone Number: 949-252-9180

Mailing Address **(current)**:
  LAW OFFICES OF RAYMOND SUN
  20 CORPORATE PARK STE 155

IRVINE, California 92606-5183

Mailing Address (proposed):
   LAW OFFICES OF RAYMOND SUN
   20 CORPORATE PARK STE 155
   IRVINE, California 92606-5183

Serial Number: 76634966
Internet Transmission Date: Wed Feb 08 12:29:04 EST 2012
TEAS Stamp: USPTO/S08N15-98.189.37.29-20120208122904
378308-3069995-49059745f29b247ec08015888
65a9c2b9-CC-9984-20120208121936003614

# EXHIBIT P

1  **GREENBERG TRAURIG, LLP**
   Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
2  Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com)
3  1840 Century Park East, Suite 1900
   Los Angeles, California  90067
4  Telephone: (310) 586-7700
   Facsimile: (310) 586-7800
5
6  Attorneys for Plaintiff
   Tech-4-Kids, Inc.
7
                    **UNITED STATES DISTRICT COURT**
8
                    **CENTRAL DISTRICT OF CALIFORNIA**
9
                    **WESTERN DIVISION**
10
11
12 | TECH-4-KIDS, INC., | CASE NO. 2:12-CV-06769-PA-AJW |

TECH-4-KIDS, INC.,

          Plaintiff,

vs.

SPORT DIMENSION, INC.,

          Defendant.

_____

SPORT DIMENSION, INC.,

          Counterclaimant,

vs.

TECH-4-KIDS, INC.,

          Counterdefendant.

CASE NO. 2:12-CV-06769-PA-AJW

**TECH-4-KIDS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-46)TO SPORT DIMENSION, INC.**

**Judge: Honorable Percy Anderson**

TECH-4-KID, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-46) TO SPORT DIMENSION, INC.

LA 130,495,167v4 10-10-12

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, and the Court's Order Setting Scheduling Conference (Dkt. 38), Plaintiff and Counter-Defendant Tech-4-Kids, Inc. ("Tech-4-Kids" or "Plaintiff") hereby requests that Defendant and Counterclaimant Sport Dimension, Inc. ("Sport Dimension" or "Defendant") answer the following Requests for the Production of Documents and Things ("Requests") and produce all responsive Documents and Things in its possession, custody or control within 30 days of service of these Requests at Greenberg Traurig, LLP, 1840 Century Park East, Suite 1900, Los Angeles, California  90067.

## DEFINITIONS

1.      "Sport Dimension" refers to and includes Sport Dimension, Inc., its officers, directors, current and former employees, agents, consultants, representatives, and any other person acting on behalf of any of the foregoing; as well as its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Sport Dimension and all predecessors and successors in interest to such entities.

2.      The term "You" or "Your" refers to Sport Dimension as previously defined.

3.      The term "Tech-4-Kids" refers to Tech-4-Kids, Inc., its officers, directors, current and former employees, agents, consultants, representatives, and any other person acting on behalf of any of the foregoing; as well as its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Tech-4-Kids and all predecessors and successors in interest to such entities.

4.      The term "Costco" refers to Costco Wholesale Corporation, its officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other person acting on behalf of any of the foregoing; as well as its affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are

1

owned or controlled by Costco and all predecessors and successors in interest to such entities.

5.     The term "Complaint" refers to the First Amended Complaint filed by Plaintiff on August 17, 2012; *see,* Dkt. No. 29.

6.     The term "Answer" refers to Sport Dimension's Answer to First Amended Complaint filed by You on September 6, 2012; *see,* Dkt. No. 33.

7.     The term "Counterclaim" refers to Sport Dimension's Counterclaim Against Tech-4-Kids, Inc. filed by You on September 6, 2012; *see,* Dkt. No. 35.

8.     The term "snow bike" shall have the same meaning as used in Your Counterclaim.

9.     The terms "Person" or "Persons" means any natural person, individual, firm, association, corporation, partnership, foundation, proprietorship, joint venture, organization or entity, including all governmental entities, agencies, officers and departments.

10.    The terms "concerning," "relate to," "relating to," and "regarding" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, evidencing, constituting, contradicting, or referring to the subject or topic in question, either in whole or in part.

11.    The term "Communications" refers to every manner of disclosure, transfer, or exchange of information, whether Person to Person, in a group, orally, in writing, by telephone, by electronic transmission, or any other manner, including letter or other correspondence, electronic mail, telephone message, memorandum or telegram.

12.    The term "Document" or "Documents" has the broadest possible meaning allowable by Fed. R. Civ. P. 34 and any other applicable Federal Rules of Civil Procedure, and shall include, wherever applicable and without limitation, information-containing matter of any kind, including but not limited to, any recordation of any intelligence or information or communication, whether handwritten, typed, printed, electronically stored or recorded, or otherwise reproduced, whether in "hard-copy" form

or digital form, further including without limitation, photographs, letters, correspondence, memoranda, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, purchase orders, drawings (including engineering, design, assembly, and detail drawings), sketches, diaries, sales literature, advertising literature, press releases, paste ups, agreements, minutes of meetings, magnetic tape, disk or wire, other machine reproducible records including electronic files, read only memories (ROMS), films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records of telephone conversations, personal conversations or interviews, and any and all other writings, typing, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordation thereof or any other form of "writing" as defined in Federal Rule of Evidence 1001.  The term "Documents" also includes all non-identical copies, such as those bearing marginal comments, postscripts, changes, amendments, addenda or other notations not present on the original Document as initially written, typed or otherwise prepared.

13.    The term "Thing" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and includes every kind of physical specimen or tangible item, other than a "Document."

14.    The term "Electronically Stored Information" has the same meaning as that term is used and defined in Federal Rule of Civil Procedure 34(a).

15.    "Native Format" means the file structure of Electronically Stored Information defined by the original creating application, such as WordPerfect, Microsoft Word, Microsoft Excel, Keynote, and Macromedia Director.

16.    "Metadata" means information about a particular data set or Document that describes how, when, and by whom it was collected, created, accessed, modified, sent, received, and how it is formatted.

3

TECH-4-KID, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-46) TO SPORT DIMENSION, INC.

17. "Production Media" means Documents on readily accessible computer or electronic media such as, CD-Rom, DVD, or external hard drive (with standard PC-compatible interface).

## INSTRUCTIONS

1. For purposes of interpreting or construing the following Requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the Request itself. This includes, without limitation, the following:

a. Construing the words "and" and "or" used in any Request in the disjunctive or conjunctive as necessary, to make the Request more inclusive;

b. Construing the words "any" and "all" used in any Request to mean "any and all" as necessary to make the Request more inclusive;

c. Construing the singular form of any word to include the plural and the plural form to include the singular; and

d. Construing the masculine form to include the feminine and/or the gender-neutral form.

2. You must produce all Documents responsive to these Requests which are in Your actual or constructive possession, custody or control, including all Documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any Person acting for You or on Your behalf.

3. If any information called for is withheld on the basis of a claim or privilege or attorney work-product, the claimed basis for withholding the information and the nature of the information withheld shall be set forth in a privilege log satisfying the requirements of Federal Rule of Civil Procedure 26(b)(5)(a).

4. If You know of the existence, past or present, of any Document requested herein, but are unable to produce such Document because it is not presently in Your possession, custody or control, or in the possession, custody or control of Your agents, representatives, employees, or attorneys, You shall so state in Your response and shall

4

identify (by title, if any, nature of Document and subject matter) such Document and shall identify (by name, address and telephone number) the Person who last had possession, custody or control of the Document.

5. If, in responding to the Requests, You claim that there is any ambiguity in either a particular Request or in a definition or an instruction applicable thereto, such claim shall not be used by You as a basis for refusing to respond, but You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular Request.

6. Plaintiff specifies the following manner of production:

a. <u>Non-Electronically Stored Information</u>: All non-electronic Documents are to be produced as they are kept in the usual course of business, in the files in which such Documents have been maintained, and in the order within each file in which such Documents have been maintained; or all Documents shall be organized and labeled to correspond with the Requests below. All Documents are to be produced along with copies of the file folders in which they are kept.

b. <u>Electronically Stored Information</u>: (a) You shall save all data electronically in Native Format; (b) You shall take all reasonable measures to maintain the original Native electronic source Documents in a manner so as to preserve the Metadata associated with these electronic materials as it existed at the time of production in the event review of such Metadata becomes necessary; (c) Native Format Documents shall not be manipulated to change how the source Document would have appeared if printed out to a printer attached to a computer viewing the file; (d) You shall produce Documents on readily accessible, computer or electronic media such as CD-Rom, DVD, external hard drive (with standard PC-compatible interface or access to a secure on-line repository agreed upon by the Parties), or any other Production Media the parties may mutually agree upon; (e) each piece of Production Media shall be assigned a production number or other unique identifying label corresponding to the date of the production of Documents on the Production Media as well as the sequence of the material in that

TECH-4-KID, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-46) TO SPORT DIMENSION, INC.

production; (f) any replacement Production Media shall cross-reference the original Production Media and clearly indicate that it is a replacement and cross-reference the Document number range that is being replaced; (g) to the extent that decryption or access passwords are necessary to unlock any data in its Native Format, including, but not limited to, e-mail passwords and file decryption passwords, such passwords will be provided immediately upon request, or in a manner the parties mutually agree upon.

7.    These Requests are of a continuing nature.  You are required to file and serve supplemental responses if You or any of Your attorneys, agents, or representatives obtain further or different information after the date of Your initial response, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

TECH-4-KID, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-46) TO SPORT DIMENSION, INC.

**REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST NO. 1.**

Produce two samples of each of Your snow bike products, including the FX Nytro.

**REQUEST NO. 2.**

Produce all Documents and Things related to Your responses to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 3.**

Produce all Documents and Things that You relied on or referred to in preparing Your responses to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 4.**

Produce Documents and Things sufficient to identify each Person (other than outside counsel) who participated, assisted, or was otherwise involved in preparing Your responses to Plaintiff's First Set of Interrogatories.

**REQUEST NO. 5.**

Produce all Documents and Things concerning any of Your snow bike products, including without limitation Communications, meeting minutes, presentations, proposals, price quotes, notes, reports, drawings, photographs, video recordings, brochures, pamphlets, manuals, models (functional or non-functional), and prototypes.

**REQUEST NO. 6.**

Produce all Documents and Things sufficient to identify each Person who participated, assisted, or was otherwise involved in the conception, design, development, and/or manufacturing of any snow bike that You have sold, offered for sell, marketed, promoted, imported, exported, or distributed since 2008.

**REQUEST NO. 7.**

Produce all Documents and Things concerning the conception, design, development, and/or manufacturing of any snow bike that You have sold, offered for sell, marketed, promoted, imported, exported, or distributed since 2008, including without limitation Communications, drawings, specifications, schematics, meeting minutes,

7

presentations, notes, reports, research, testing data, photographs, video recordings, brochures, pamphlets, manuals, models (functional or non-functional), and prototypes.

**REQUEST NO. 8.**

Produce all Documents and Things concerning Your decision to develop a snow bike product or to enter the snow bike market.

**REQUEST NO. 9.**

Produce all Documents and Things concerning any agreement relating to any of Your snow bike products, including without limitation contracts, agreements, licenses, memorandum, letters of intent, and all drafts thereof.

**REQUEST NO. 10.**

Produce all Documents and Things concerning Plaintiff, including without limitation Communications, meeting minutes, presentations, proposals, price quotes, notes, reports, drawings, photographs, video recordings, brochures, pamphlets, manuals, models (functional or non-functional), and prototypes.

**REQUEST NO. 11.**

Produce all Documents and Things concerning Costco, including without limitation Communications, meeting minutes, presentations, proposals, price quotes, notes, reports, drawings, photographs, video recordings, brochures, pamphlets, manuals, models (functional or non-functional), and prototypes.

**REQUEST NO. 12.**

Produce all Documents and Things concerning any of Plaintiff's snow bikes, including those depicted in Exhibit A of the Complaint.

**REQUEST NO. 13.**

Produce all Documents and Things concerning any information You received or obtained, directly or indirectly, from Plaintiff.

**REQUEST NO. 14.**

Produce all Documents Concerning each and every snow bike product known to You or of which You were aware before 2010.

**REQUEST NO. 15.**

Produce all Documents and Things concerning any analysis of any of Plaintiff's snow bikes products, including any comparisons of Plaintiff's snow bikes and Your snow bikes.

**REQUEST NO. 16.**

Produce all Communications with designers or manufacturers regarding the development and manufacture of Your snow bike products.

**REQUEST NO. 17.**

Produce all Documents and Things Concerning Your decision to sell or distribute snow bike products to Costco.

**REQUEST NO. 18.**

Produce all Documents and Things concerning the advertising and promotion of Your snow bike products.

**REQUEST NO. 19.**

Produce all Documents and Things concerning the market for snow bike products, including the companies that offer snow bike products and their respective market share.

**REQUEST NO. 20.**

Produce all Documents and Things concerning the sales, revenues, and profits generated by each of Your snow bike products from 2008 to the present.

**REQUEST NO. 21.**

Produce all Documents and Things concerning the costs associated with the development, manufacture, advertising and/or sale of Your snow bike products.

**REQUEST NO. 22.**

Produce all Documents and Things concerning any Communication, contracts, agreements, and negotiations between/among You and any Person(s) concerning any of Your snow bike products.

**REQUEST NO. 23.**

Produce all Documents and Things concerning any Communication, contracts, agreements, and negotiations between/among You and any Person(s) concerning any of Plaintiff's snow bike products.

**REQUEST NO. 24.**

Produce all Documents and Things concerning any and all efforts made by You to market, sell or distribute Plaintiff's snow bike products in the United States.

**REQUEST NO. 25.**

Produce all Documents and Things concerning any investigation, testing, analyses, study, or research performed or conducted by You or on Your behalf Relating to any snow bike product.

**REQUEST NO. 26.**

Produce all Communications with brand licensors or third-party licensors, including but not limited to, Ski-Doo, Yamaha, Polaris, X Games, Arctic Cat, and/or Red Bull regarding Plaintiff or Plaintiff's products.

**REQUEST NO. 27.**

Produce all non-privileged Documents and Things, including without limitation Communications, other than the pleadings in this lawsuit, between/among You and any other Person(s) mentioning, referring to, or otherwise Concerning this litigation.

**REQUEST NO. 28.**

Produce all Communications between You and Costco concerning snow bike products.

**REQUEST NO. 29.**

Produce all Communications between You and Costco concerning Plaintiff.

**REQUEST NO. 30.**

Produce Documents and Things sufficient to identify Your corporate or organizational structure, including but not limited to, organizational charts, bylaws, the identifications and locations of Your officers and directors, and telephone directories.

10

**REQUEST NO. 31.**

Produce all Documents and Things concerning Your document retention policy.

**REQUEST NO. 32.**

Produce all Documents and Things that support or relate to your Second Affirmative Defense that "Plaintiff has failed to mitigate or otherwise avoid any damages that it allegedly sustained as a result of Defendant's alleged conduct."

**REQUEST NO. 33.**

Produce all Documents and Things that support or relate to your Third Affirmative Defense that "Plaintiff's claims are barred by the doctrine of equitable estoppel."

**REQUEST NO. 34.**

Produce all Documents and Things that support or relate to your Fourth Affirmative Defense that "Plaintiff's claims are barred by the doctrine of laches."

**REQUEST NO. 35.**

Produce all Documents and Things that support or relate to your Fifth Affirmative Defense that "Plaintiff's claims are barred by the doctrine of waiver."

**REQUEST NO. 36.**

Produce all Documents and Things that support or relate to your Sixth Affirmative Defense that "Plaintiff's claims are barred by the doctrine of unclean hands."

**REQUEST NO. 37.**

Produce all Documents and Things that support or relate to your Seventh Affirmative Defense that "Plaintiff's claims are barred by the doctrine of acquiescence."

**REQUEST NO. 38.**

Produce all Documents and Things that support or relate to your Eighth Affirmative Defense that "Plaintiff does not have protectable trade secret under California law."

**REQUEST NO. 39.**

Produce all Documents and Things that support or relate to your Ninth Affirmative Defense that "Plaintiff is barred from asserting any claim for misappropriation of trade

11

secrets since Plaintiff did not take reasonable precautions to protect its alleged trade secrets."

**REQUEST NO. 40.**

Produce all Documents and Things that support or relate to your Tenth Affirmative Defense that "Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the FAC by the doctrine of laches."

**REQUEST NO. 41.**

Produce all Documents and Things that support or relate to your Eleventh Affirmative Defense that "Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the FAC by such statutes of limitation as may be application . . . ."

**REQUEST NO. 42.**

Produce all Documents and Things that support or relate to your allegation at paragraph 11 of your Counterclaim that "[d]uring negotiations of the contemplated distribution deal, Counterdefendant promised to draft and deliver a memorandum of understanding for Counterclaimant's review."

**REQUEST NO. 43.**

Produce all Documents and Things that support or relate to your allegation at paragraph 14 of your Counterclaim that "[a]lthough Counterclaimant made genuine efforts to advance the contemplated business relationship, ultimately those efforts were unsuccessful . . . ."

**REQUEST NO. 44.**

Produce all Documents and Things that support or relate to your allegation at paragraph 16 of your Counterclaim that "[i]n or about the summer of 2010, Counterclaimant made and eventually won a bid to Costco U.S. to distribute snow bikes for the 2010-2011 winter season.  When making this bid, Counterclaimant did not use any alleged trade secret information from Counterdefendant."

**REQUEST NO. 45.**

Produce all Documents that support or relate to your contention that "Counterclaimant denies that he ever received protectable trade secret information from Counterdefendant . . . ."

**REQUEST NO. 46.**

Produce all Documents that support or relate to your contention that "Counterclaimant further denies that Counterdefendant was damaged by any actionable conduct by Counterclaimant."

DATED: October 10, 2012          **GREENBERG TRAURIG, LLP**

By: _____
          Valerie W. Ho
          Jeffrey F. Yee
          Attorneys for Plaintiff and Counter-Defendant
          Tech-4-Kids, Inc.

13

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, California 90067.

    On October 10, 2012, I served the documents described as **TECH-4-KIDS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (Nos. 1-46)TO SPORT DIMENSION, INC.** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

Jeffrey J. Zuber
Raffi V. Zerounian
ZUBER LAWLER & DEL DUCA LLP
777 S. Figueroa Street, 37th Street
Los Angeles, California  90017
Tel: 213-596-5620

☐  **(BY MAIL)**

    ☐  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

    ☐  I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒  **(BY PERSONAL SERVICE)**

    I caused such envelope to be delivered by hand to the offices of the addressees as indicated above.  Executed on October 10, 2012, at Los Angeles, California.

☐  **(BY E-MAIL)**

    On October 10, 2012, I transmitted the foregoing document(s) by E-mail to the parties at their respective e-mail addresses as indicated above.  The document was served electronically and the transmission was reported complete and without error.

LA 130,519,516v 10-10-12

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for delivery by Federal Express. Under the practice it would be deposited with Federal Express on that same day with postage thereon fully prepared at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(STATE)**     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 10, 2012, at Los Angeles, California.

Monica A. Solorzano

PROOF OF SERVICE

# EXHIBIT Q
## FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER