1  **GREENBERG TRAURIG, LLP**
   Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
2  Michael S. Lawrence (SBN 255897) (lawrencem@gtlaw.com)
3  Robert S. Freund (SBN 287566) (freundr@gtlaw.com)
   1840 Century Park East, Suite 1900
4  Los Angeles, California  90067
   Telephone: (310) 586-7700
5  Facsimile: (310) 586-7800

6  Attorneys for Plaintiff
7  Tech-4-Kids, Inc.

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **WESTERN DIVISION**

11

12 | TECH-4-KIDS, INC.,

13              Plaintiff,

14 | vs.

15 | SPORT DIMENSION, INC.,

16              Defendant.

17

18 | SPORT DIMENSION, INC.,

19              Counterclaimant,

20 | vs.

21 | TECH-4-KIDS, INC.,

22              Counterdefendant.

23

24

25

26

27

28

| **CASE NO. 2:12-CV-06769-PA (AJW)**

**PLAINTIFF TECH-4-KIDS, INC.'S NOTICE OF APPLICATION AND *EX PARTE* APPLICATION TO STRIKE SPORT DIMENSION INC.'S MOTION FOR SUMMARY JUDGMENT BELATEDLY NOTICED IN VIOLATION OF THIS COURT'S SCHEDULING ORDER, OR ALTERNATIVELY, FOR ADDITIONAL TIME TO OPPOSE**

**Judge: Hon. Percy Anderson**
**Magistrate: Hon. Andrew Wistrich**

1        **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2 **RECORD:**

3        **PLEASE TAKE NOTICE THAT** pursuant to Federal Rule 16(b), Local Rule

4 7-19 and the Court's Scheduling Order [Dkt. No. 50], Plaintiff Tech-4-Kids, Inc.

5 ("Tech-4-Kids") hereby applies *Ex Parte* for an order striking Sport Dimension's

6 Motion for Summary Judgment, or in the alternative, for an order giving Tech-4-Kids

7 two extra days to prepare its opposition.

8        Such relief is requested because Sport Dimension violated this Court's

9 Scheduling Order (the second time in two weeks) which requires that a Motion for

10 Summary Judgment be served  more than the minimal twenty-eight days before the

11 noticed hearing date.  Sport Dimension filed its Motion for Summary Judgment late in

12 the evening of May 6, 2013 and noticed it for the last possible hearing date of June 3,

13 2013, thus leaving Tech-4-Kids with the minimal amount of time to respond to that

14 Motion, in direct contravention of this Court's Order.  On the other hand, Tech-4-Kids

15 served its Motion for Partial Summary Judgment on the night of May 3, 2013, thus

16 providing Sport Dimension with ten days to oppose the Motion.  Having complied with

17 this Court's Order, Tech-4-Kids has now found itself to be at a severe disadvantage

18 because Sport Dimension believes it is not required to play by the same rules.

19        Pursuant to Local Rules 7-3 and 7-19, counsel for Tech-4-Kids and for Sport

20 Dimension met and conferred via email on May 7, 2013 regarding the present

21 Application.  (*See* Lawrence Decl., ¶ 4, Ex. C.)  In an email, counsel for Tech-4-Kids

22 indicated that, given Sport Dimension's belated filing, Tech-4-Kids intended to move to

23 strike if Sport Dimension declined to withdraw its untimely Motion.  In the alternative,

24 counsel for Tech-4-Kids offered to stipulate to an adjustment of the briefing schedule

25 pursuant to which Tech-4-Kids would have ten days to respond (as Sport Dimension was

26 afforded to respond to Tech-4-Kids' Motion) and Sport Dimension would slightly reduce

27 its time to file a Reply Brief to five days.  This would permit the Summary Judgment

28 papers to be submitted two weeks before the hearing date as required by local rule.  Sport

1 | Dimension rejected Tech-4-Kids' proposal and indicated that it would oppose the present

2 | *Ex Parte* Application.  (*See* Lawrence Decl., ¶ 5, Ex. D.)

3 |      This Application is based on this Notice of Application and Application, the

4 | attached Memorandum of Points and Authorities, the concurrently filed supporting

5 | Declaration of Michael S. Lawrence and exhibits thereto, and all documents and papers

6 | on file with the Court in this action.

7 | DATED:  May 7, 2013          **GREENBERG TRAURIG, LLP**

8 |

9 |           By:   /s/ Valerie W. Ho

               Valerie W. Ho

10 |                Michael S. Lawrence

11 |                Robert S. Freund

               Attorneys for Plaintiff and Counter-Defendant

12 |                Tech-4-Kids, Inc.

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

PLAINTIFF TECH-4-KIDS, INC.'S NOTICE OF APPLICATION AND APPLICATION TO STRIKE
DEFENDANT SPORT DIMENSION, INC.'S MOTION FOR SUMMARY JUDGMENT

LA 130873397v1

# I.

## INTRODUCTION AND BACKGROUND

This is the second time in two weeks that Sport Dimension has unilaterally disregarded this Court's chamber rules and Rule 16(b) Scheduling Order.  Last week, Sport Dimension violated this Court's Rule 16 Scheduling Order when it first sought to notice a discovery motion for after the discovery cutoff (May 27) and later compounded that mistake by filing an improper *ex parte* application to compel when it had sat on the motion for two months.  Tech-4-Kids was forced to request that Magistrate Wistrich strike that improper *ex parte* motion. [Dkt. No. 109.]

This time, Sport Dimension has failed to abide by this Court's instruction that Motions for Summary Judgment are to be noticed with more than the minimum 28 days before the hearing date, no doubt, to provide the opposing party with more than a week to oppose the potentially robust motion.    [Dkt. No. 50.]    In compliance with this requirement, Tech-4-Kids filed its Motion for Partial Summary Judgment on only a single breach of contract claim on May 3, 2013.  That motion was noticed to be heard on June 3, 2013, the last day for the Court to hear motions per the Scheduling Order.  Sport Dimension, therefore, will have ten days to oppose Tech-4-Kids' Motion.

Sport Dimension, on the other hand, waited until late at night on the last possible day of May 6, 2013, exactly 28 days before the hearing, to file its Motion for Summary Judgment.  And far from the single cause of action on which Tech-4-Kids seeks partial judgment, Sport Dimension has moved on all seven of Tech-4-Kids' claims.  Tech-4-Kids will, therefore, have only seven days to oppose Sport Dimension's Motion seeking dismissal of all of Tech-4-Kids' claims.  Having complied with this Court's Order, Tech-4-Kids now finds itself to be at a severe disadvantage because Sport Dimension believes it is not required to play by the same rules.

On May 7, 2013, the morning after Sport Dimension filed its Motion Tech-4-Kids told Sport Dimension that given the belated filing, Tech-4-Kids intended to move to

PLAINTIFF TECH-4-KIDS, INC.'S NOTICE OF APPLICATION AND APPLICATION TO STRIKE
DEFENDANT SPORT DIMENSION, INC.'S MOTION FOR SUMMARY JUDGMENT

LA 130873397v1

1 | strike the Motion if Sport Dimension did not withdraw the untimely Motion or agree to
2 | give Tech-4-Kids more time to prepare its Opposition.  Tech-4-Kids offered to stipulate
3 | to an adjustment of the briefing schedule pursuant to which Tech-4-Kids would have ten
4 | days to respond (as Sport Dimension was afforded to respond to Tech-4-Kids' Motion)
5 | and Sport Dimension would slightly reduce its time to file a Reply to five days.  This
6 | would permit the Summary Judgment papers to be submitted two weeks before the
7 | hearing date as required by local rule.  Sport Dimension rejected Tech-4-Kids' proposal
8 | and indicated that it would oppose Tech-4-Kids' *Ex Parte* Application.  (*See* Lawrence
9 | Decl., ¶ 5, Ex. D.)

10 |      Given that Sport Dimension has no excuse for its failure to comply with the
11 | Court's directive, its belated Motion should be stricken.  In the alternative, Tech-4-Kids
12 | should be permitted additional time, *i.e.*, two extra days, to file its Opposition so as to
13 | have a reasonable and fair opportunity to address all of Sport Dimension's arguments.

14 | **II.**

15 | **ARGUMENT**

16 | **A.**    **Legal Standard**

17 |      A Court may strike a filing that violates the Rule 16 scheduling order or local rule.
18 | *See Kinstley v. City & Cnty. of San Francisco*, C 07-2323-SBA, 2009 WL 1974607, at *1
19 | (N.D. Cal. July 8, 2009) ("Plaintiff's  untimely submission violates Local Rule 7–3, and
20 | Defendant's motion to strike the 'Objection' as untimely is well-taken."); *Cobell v.*
21 | *Norton*, 213 F.R.D. 42, 42 (D.D.C. 2003) (granting motion to strike untimely filing
22 | because "it is only fair to require all parties to the present case to comply with the Federal
23 | Rules of Civil Procedure and Local Rules."); *Smith v. Look Cycle USA*, 1:11-CV-1080
24 | GBL/JFA, 2013 WL 1234074, at *3 (E.D. Va. Mar. 19, 2013) (granting motion to strike
25 | untimely motion "because Plaintiff failed to comply with the deadlines imposed by the
26 | Local Rules.").

27 |

28 |

**B.** **Sport Dimension's Motion for Summary Judgment Should be Stricken**
**Because it Violates this Court's Scheduling Order**

This Court's Rule 16(b) Scheduling Order could not have been more clear: "In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-eight (28) day notice for [summary judgment] motions." [Dkt. No. 50, at p. 6, ¶ 5(d).]  In compliance with the Court's Order, Tech-4-Kids filed its Motion for Partial Summary Judgment, on only a single cause of action, on May 3, 2013.  This provided Sport Dimension with ten days to address the single cause of action on which Tech-4-Kids sought partial summary judgment.

Sport Dimension, on the other hand, filed its Motion for Summary Judgment late in the evening of May 6, 2013.  This violates the purpose behind the Court's directive because it leaves Tech-4-Kids with only seven days to prepare its Opposition to Sport Dimension's Motion seeking dismissal of all seven of Tech-4-Kids' claims.  Sport Dimension should not be rewarded for its repeated disregard of this Court's Scheduling Order. *See Kinstley*, 2009 WL 1974607, at *1.

To justify their failure to comply with the Court's Order, Sport Dimension contends that because the parties met and conferred on their respective Summary Judgment Motions at the same time, Tech-4-Kids has "had just as much actual notice" as Sport Dimension. (*See* Lawrence Decl., ¶ 5, Ex. D.)  Yet, this Court's Order is not contingent on whether the parties meet and confer at the same time.  Rather, regardless of when they meet and confer, the Scheduling Order requires more than twenty-eight days' notice be afforded for summary judgment motions.  Moreover, unlike Tech-4-Kids, Sport Dimension never sent Tech-4-Kids a detailed letter explaining the bases of its Motion.  Nor were the bases explained in detail during the meet and confer.  The first time that Tech-4-Kids was presented with all of the grounds for Sport Dimension's Motion was on the night of May 6.

Sport Dimension also contends that it was not possible to file its Motion with more than 28 days' notice because the parties were in mediation on May 1 and Sport

1  Dimension's rebuttal damages report was due on May 6.  In other words, Sport
2  Dimension contends it was too busy to comply with this Court's Order.  However, it was
3  Sport Dimension who insisted on the May 1 mediation date and the May 6 rebuttal expert
4  deadline has been on the calendar for months.  The Scheduling Order is not made
5  contingent on counsel being too busy to give advance notice, especially when counsel
6  claims to be busy with tasks that occur in virtually every litigation.

7        Finally, Sport Dimension's counsel claimed that it was somehow incumbent on
8  counsel for Tech-4-Kids to request more than twenty eight days' notice during the
9  parties' meet and confer. (*See id.* ("[i]f you had indeed wanted more time to work on
10  your opposition, you should have raised this issue with me during our meet and confer or
11  at any time prior to your filing on Friday. You chose not to.").)  Yet, the Court's
12  Scheduling Order does not require that the parties meet and confer to trigger its
13  requirements.  Rather, it is presumed that a party will comply with its terms without
14  being requested to do so.

15        This is not the first time that Sport Dimension has flouted this Court's Scheduling
16  Order.  Just last week Sport Dimension disregarded the Court's Scheduling Order by
17  filing a discovery motion after the deadline for timely doing so had passed.  When
18  confronted with its error, Sport Dimension filed a discovery motion *ex parte* in direct
19  contravention of this Court's instruction that "[d]iscovery motions may not be heard on
20  an *ex parte* basis." [Dkt. No. 50 at p. 2.] (*See* Lawrence Decl. at ¶ 2, Ex. A.)  No request
21  to modify the Court's Scheduling Order was submitted (and no good cause was shown
22  for doing so).  Tech-4-Kids was forced to move to strike that improper submission as
23  well. (*See id.* at ¶ 3, Ex. B.)

24                              **III.**

25                          **CONCLUSION**

26        In light of the foregoing, Tech-4-Kids respectfully requests that the Court strike
27  Sport Dimension's belated Motion for Summary Judgment or give Tech-4-Kids more
28  time to prepare an Opposition.

6

PLAINTIFF TECH-4-KIDS, INC.'S NOTICE OF APPLICATION AND APPLICATION TO STRIKE
DEFENDANT SPORT DIMENSION, INC.'S MOTION FOR SUMMARY JUDGMENT
LA 130873397v1

1

2  DATED:  May 7, 2013          **GREENBERG TRAURIG, LLP**

3

4                              By: __/s/ *Valerie W. Ho*_____
                                    Valerie W. Ho
5                                   Michael S. Lawrence
                                    Robert Freund
6                                   Attorneys for Plaintiff and
7                                   Counter-Defendant Tech-4-Kids, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFF TECH-4-KIDS, INC.'S NOTICE OF APPLICATION AND APPLICATION TO STRIKE
DEFENDANT SPORT DIMENSION, INC.'S MOTION FOR SUMMARY JUDGMENT

LA 130873397v1