1

**GREENBERG TRAURIG, LLP**
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)

2
Jeffrey F. Yee (SBN 193123)(yeej@gtlaw.com)
Michael S. Lawrence (SBN 255897) (lawrencem@gtlaw.com)

3
Robert S. Freund (SBN 287566) (freundr@gtlaw.com)
1840 Century Park East, Suite 1900

4
Los Angeles, California  90067
Telephone: (310) 586-7700

5
Facsimile: (310) 586-7800

6

7
Attorneys for Plaintiff
Tech-4-Kids, Inc.

8
### UNITED STATES DISTRICT COURT

9
### CENTRAL DISTRICT OF CALIFORNIA

10
### WESTERN DIVISION

11

12

13
TECH-4-KIDS, INC.,

CASE NO. 2:12-CV-06769-PA-AJW

14
                Plaintiff,

**PLAINTIFF TECH-4-KIDS, INC.'S**

vs.

**EVIDENTIARY OBJECTIONS TO**

15
**DEFENDANTS' SEPARATE**
SPORT DIMENSION, INC.,

**STATEMENT OF UNDISPUTED**

16
**FACTS IN SUPPORT OF**
                Defendant.

**DEFENDANTS' MOTION FOR**

17
**SUMMARY JUDGMENT**

18

19
SPORT DIMENSION, INC.,

[Opposition, Separate Statement of

20
Genuine Issues, Declarations of Michael
                Counterclaimant,

Lawrence, Brad Pedersen and Thomas

21
vs.

Neches Filed Concurrently herewith]

22
TECH-4-KIDS, INC.,

DATE:        June 3, 2013

23
                Counterdefendant.

TIME:        1:30 p.m.
CTRM:      15

24

25
Judge: Honorable Percy Anderson

26

27

28

Pursuant to this Court's Scheduling Order (Dkt. 50), Plaintiff and Counter-Defendant Tech-4-Kids, Inc. ("Tech-4-Kids") hereby submits the following evidentiary objections to Defendants Sport Dimension, Inc. ("Sport Dimension") and Kurt Rios' ("Rios") (collectively, "Defendants") Separate Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment.

## EVIDENTIARY OBJECTIONS

<u>Separate Statement Paragraph 1</u>: Objection to the initial complaint (Dkt. 1) on the ground that the initial complaint is irrelevant as it is no longer operative in this case. Fed. R. Evid. 401, 402, 403.

<u>Separate Statement Paragraph 2</u>: Objection to the first amended complaint (Dkt. 29) on the ground that the first amended complaint is irrelevant as it is no longer operative in this case. Fed. R. Evid. 401, 402, 403. The date of filing of the first amended complaint is also irrelevant. This case, which was originally filed in the District of Maryland, had been stayed for months pursuant to the parties' agreement. The parties subsequently agreed to transfer the case to this district.

<u>Separate Statement Paragraph 3</u>: The filing date of the second amended complaint is irrelevant to any issue raised in Defendants' motion. Fed. R. Evid. 401, 402, 403. Moreover, although the second amended complaint was entered on March 4, 2013, Tech-4-Kids had moved to amend on January 14, 2013. (Dkt. 56.)

<u>Separate Statement Paragraph 7</u>: Objection to the supporting Declaration of Kurt Rios ("Rios Decl."), paragraph 2 on the ground that Sport Dimension's location and how long it has been in business are irrelevant to any issue raised in Defendants' motion. Fed. R. Evid. 401, 402.

**Separate Statement Paragraph 10**:  Objection to the supporting Rios Decl., paragraph 4 on the ground that the terms "snow related products" and "snow sliders" are vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.

Moreover, "snow related products" and "snow sliders" are different from snow bikes which are at issue in this case.  Thus whether or not Sport Dimension began selling "snow related products" or "snow sliders" in 2002 is irrelevant to any issue raised in Defendants' motion.  Fed. R. Evid. 401, 402.

**Separate Statement Paragraph 11**:  Objection to the supporting Rios Decl., paragraph 5 on the ground that the term "relationships" is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.

**Separate Statement Paragraph 12**:  Objection to the supporting Rios Decl., paragraph 5 on the ground that the term "relationships" is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.

**Separate Statement Paragraph 13**:  Objection to the supporting Declaration of Sarah Brooks ("Brooks Decl."), Exhibit 1 at 14:2-14 on the ground that it is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.  Indeed, other Separate Statements proffered by Defendants suggest that Tech-4-Kids has been selling products beyond 5 years. *See e.g.,* Separate Statement No. 30 and 34.

1  **Separate Statement Paragraph 16**: Objection to the supporting Brooks Decl.,
2  Exhibit 1 at 14:2-14 on the ground that it is vague and ambiguous so that its probative
3  value is substantially outweighed by the danger of unfair prejudice, confusion of the
4  issue, and misleading the court. Fed. R. Evid. 403. Indeed, other Separate Statements
5  proffered by Defendants suggest that Tech-4-Kids has been selling snow bikes since
6  before 2009. *See e.g.,* Separate Statement No. 30 and 34.
7  Moreover, the timing of Tech-4-Kids' formation or that Tech-4-Kids was
8  "established" after Sport Dimension began selling unspecified "snow products" is
9  irrelevant to any issue raised in Defendants' motion. Fed. R. Evid. 401, 402. It is
10  undisputed that Sport Dimension did not begin selling the snow bikes at issue until after
11  it had seen Tech-4-Kids' products and had entered into a distribution agreement with
12  Tech-4-Kids. Defendants' Separate Statement No. 16 mischaracterizes Mr. Pedersen's
13  deposition testimony. Mr. Pederson's deposition testimony should be considered in its
14  context and entirety. Fed. R. Evid. 106, 901, 1002.
15
16  **Separate Statement Paragraph 18**: Objection to the supporting Brooks Decl.,
17  Exhibit 2 at 67:9-68:9 on the ground that it lacks foundation and Defendants misstate and
18  mischaracterize Mr. Weenink's deposition testimony. Further Defendants' statement is
19  argumentative such that its probative value is substantially outweighed by the danger of
20  unfair prejudice, confusion of the issue, and misleading the court. Mr. Weenink's
21  deposition testimony should be considered in its context and entirety. Fed. R. Evid. 106,
22  403, 901, 1002.
23
24  **Separate Statement Paragraph 19**: Objection to the supporting Rios Decl.,
25  paragraph 13 on the grounds that it lacks foundation and is argumentative. Further,
26  Defendants' statement 19 mischaracterizes Mr. Rios's declaration in that he in no way
27  stated that the Yamaha snow bike was intentionally designed to look different from
28  T4K's snow bikes. As such, its probative value is substantially outweighed by the danger

4

of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 106, 403, 602, 701, 901.

Separate Statement Paragraph 20:  Objection to the supporting Rios Decl., paragraph 13 on the ground that whether or not the Yamaha snow bike is covered by a U.S. patent is irrelevant to any issue raised in Defendants' motion.  Fed. R. Evid. 401, 402, 403.

Separate Statement Paragraph 21:  Objection to the supporting Brooks Decl., Exhibit 1 at 271:20-274:24 and Exhibit 24 at 241:18-21 on the grounds that they lack foundation, and Defendants' separate statement is argumentative and misstates and mischaracterizes the cited deposition testimony.  The cited deposition testimony should be considered in its context and entirety.  Fed. R. Evid. 106, 403, 901, 1002.

Separate Statement Paragraph 22:  Objection to the supporting Brooks Decl., Exhibit 3 at 126:11-128:3 and Exhibit 24 at 204:7-206:1 on the ground that Consumer Product Safety Improvement Act of 2008 is irrelevant to any issue raised in Defendants' motion.  Fed. R. Evid. 401, 402.  Statement 22 is also misleading because the Act does not apply to products manufactured before the end of 2008.

Separate Statement Paragraph 23:  Objection to the supporting Brooks Decl., Exhibit 1 at 14:2-14 on the ground that it is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.

Separate Statement Paragraph 24:  Objection to the supporting Brooks Decl., Exhibit 28 on the grounds that it is irrelevant to any issue raised in Defendants' motion, it is argumentative, and Defendants' statement mischaracterizes the evidence such that its

5

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  The Snow MX, the product that was subject to the voluntary recall, was not "another version of T4K's snow bike," as SD concedes in Statement 33, which states that Tech-4-Kids sells three different versions of its snow bikes – the X-Games, Ski-Doo and Polaris.  Moreover, Exhibit 28 indicates that although Costco U.S. had decided not to buy Tech-4-Kids' snow bike products in January 2011, the Snow MX (the product that had been previously recalled) was still under consideration by Costco.  Fed. R. Evid. 106, 401, 402, 403, 901, 1002.

Separate Statement Paragraph 25:  Objection to the supporting Brooks Decl., Exhibits 37 and 39[1] on the grounds that they lack foundation, are argumentative, and Defendants' statement completely mischaracterizes the evidence such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 106, 403, 901, 1002.

Separate Statement Paragraph 26:  Objection to the supporting Brooks Decl., Exhibit 1 at 306:17-24; Exhibit 2 at 163:11-168:24 on the grounds that they lack foundation and are irrelevant to any issue raised in Defendants' motion, argumentative, and Defendants' statement mischaracterizes the testimony such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 106, 401, 402, 403, 901, 1002.

Separate Statement Paragraph 27:  Objection to the supporting Brooks Decl., Exhibit 29 and Exhibit 1 at 313:8-315:19 on the grounds that they lack foundation and are irrelevant to any issue raised in Defendants' motion, and it is argumentative such that

---

[1] Defendants' Separate Statement cites Exhibit 41 to the Brooks Decl. which does not exist. Plaintiff believes Defendants intended to cite to Exhibit 39 to the Brooks Decl. to support Statement No. 25.

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. Fed. R. Evid. 106, 401, 402, 403, 901, 1002.

Separate Statement Paragraph 32: Objection to the supporting Brooks Decl., Exhibit 1 at 36:15-22 on the ground that the witness lacks personal knowledge as to what Rios saw.  The witness was testifying about Rios' statement that he had seen Plaintiff's product.  Defendants' statement misstates and mischaracterizes the testimony such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403, 602.

Separate Statement Paragraph 40: Objection to the supporting Rios Decl., paragraph 10 on the ground that it lacks foundation and is vague and ambiguous such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Rios has no personal knowledge as to whether anyone else at Sport Dimension received confidential information.  Moreover, the statement that "such information can be reasonably calculated and obtained based on published prices and publicly available information and displayed product" lacks foundation and is argumentative.  Fed. R. Evid. 403, 901.

Separate Statement Paragraph 42: The cost sheet has additional information not included in Statement 42.  Fed. R. Evid. 106.

Separate Statement Paragraph 48: Objection to the supporting Brooks Decl., Exhibit 6 on the ground that Defendants' statement misstates and mischaracterizes the document such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 106, 403, 1002.

Separate Statement Paragraph 49: Objection to the supporting Brooks Decl., Exhibit 6 on the ground that Defendants' statement misstates and mischaracterizes the testimony such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. Fed. R. Evid. 403, 1002.

Separate Statement Paragraph 54: Objection to the supporting Brooks Decl., Exhibit 23 on the ground that Defendants' statement does not quote Rios' complete communication such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. Fed. R. Evid. 106, 403.

Separate Statement Paragraph 55: Objection to the supporting Brooks Decl., Exhibit 24 at 254:4-21 on the ground that Mr. Rios's belief as to the terms of an agreement in hindsight is irrelevant. *See Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 955 (2003) ("parties' undisclosed intent or understanding is irrelevant to contract interpretation."); Fed. R. Evid. 402, 403.

Separate Statement Paragraph 57: Objection to the supporting Brooks Decl., Exhibit 7 on the ground that it lacks foundation, lacks authentication and is hearsay to which no exception applies. Fed. R. Evid. 403, 802, 901.

Separate Statement Paragraph 58: Objection to the supporting Brooks Decl., Exhibit 8 on the ground that Defendants' statement misstates and mischaracterizes the document such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. The document also lacks foundation and authentication. Fed. R. Evid. 106, 403, 901.

Separate Statement Paragraph 59:  Objection to the supporting Brooks Decl., Exhibit 9 on the ground that it lacks foundation and authentication.  Furthermore, the statements made by Mr. Rios are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 403, 802, 901.

Separate Statement Paragraph 60:  Objection to the supporting Brooks Decl., Exhibit 7 on the ground that it lacks foundation and authentication.  Fed. R. Evid. 901.

Separate Statement Paragraph 61:  Objection to the supporting Brooks Decl., Exhibit 1 at 150:4-14 on the grounds that it misstates and quotes out of context Pedersen's testimony.  Fed. R. Evid. 106.

Separate Statement Paragraph 62:  Objection on the grounds that the statement mischaracterizes Exhibit 10 such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.

Separate Statement Paragraph 64:  Objection to the supporting Brooks Decl., Exhibit 12 on the grounds that it lacks foundation, lacks authentication, is irrelevant to any issued raised in Defendants' motion, and Defendants' statement misstates and mischaracterizes the testimony such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Furthermore, statements made by Mr. Rios are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 403, 802, 901.

Separate Statement Paragraph 65:  Objection to the supporting Brooks Decl., Exhibit 3 at 126:11-128:23 on the grounds that it is irrelevant to any issue raised in Defendants' motion, and the witness is not qualified to provide a legal opinion.

9

1  Furthermore, Defendants' statement misstates and mischaracterizes the testimony such

2  that its probative value is substantially outweighed by the danger of unfair prejudice,

3  confusion of the issue, and misleading the court.  Fed. R. Evid. 401, 402, 403, 702.

4

5        <u>Separate Statement Paragraph 66</u>:  Objection to the supporting Brooks Decl.,

6  Exhibit 3 at 128:25-129:15 and Exhibit 24 at 204-205 on the grounds that they lack

7  foundation, lack authentication, are vague and ambiguous and irrelevant to any issue

8  raised in Defendants' motion, and the witness is not qualified to provide a legal opinion.

9  Furthermore, Defendants' statement misstates and mischaracterizes the testimony such

10  that its probative value is substantially outweighed by the danger of unfair prejudice,

11  confusion of the issue, and misleading the court.  Fed. R. Evid. 401, 402, 403, 702.

12

13        <u>Separate Statement Paragraph 67</u>:  Objection to the supporting Brooks Decl.,

14  Exhibit 12 on the grounds that it lacks foundation, lacks authentication, is irrelevant to

15  any issue raised in Defendants' motion.  Furthermore, Defendants' statement misstates

16  and mischaracterizes the testimony such that its probative value is substantially

17  outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the

18  court.  Fed. R. Evid. 401, 402, 403.

19

20        <u>Separate Statement Paragraph 68</u>:  Objection to the supporting Brooks Decl.,

21  Exhibit 13 on the grounds that it lacks foundation, is inadmissible hearsay and no

22  exception is applicable.  Fed. R. Evid. 802, 901.

23

24        <u>Separate Statement Paragraph 69</u>:  Objection to the supporting Brooks Decl.,

25  Exhibit 14 on the grounds that it lacks foundation, is inadmissible hearsay and no

26  exception is applicable.  Fed. R. Evid. 802, 901.

27

28

1    <u>Separate Statement Paragraph 70</u>: Objection to the supporting Brooks Decl.,

2    Exhibit 15 on the ground that it is inadmissible hearsay and no exception is applicable.

3    Fed. R. Evid. 802.

4

5    <u>Separate Statement Paragraph 72</u>: Objection to the supporting Brooks Decl.,

6    Exhibit 16 on the ground that it is inadmissible hearsay and no exception is applicable.

7    Fed. R. Evid. 802.

8

9    <u>Separate Statement Paragraph 74</u>: Objection to the supporting Brooks Decl.,

10   Exhibit 17 on the ground that it is inadmissible hearsay and no exception is applicable.

11   Fed. R. Evid. 802.

12

13   <u>Separate Statement Paragraph 75</u>: Objection to the supporting Brooks Decl.,

14   Exhibit 1 at 288:4-289:6 on the ground that it is vague and ambiguous so that its

15   probative value is substantially outweighed by the danger of unfair prejudice, confusion

16   of the issue, and misleading the court.  Defendants' Statement 75 mischaracterizes Mr.

17   Pedersen's deposition testimony.  Fed. R. Evid. 106, 403.

18

19   <u>Separate Statement Paragraph 76</u>: Objection to the supporting Brooks Decl.,

20   Exhibit 1 at 289:21-290:5 on the ground that it is vague and ambiguous so that its

21   probative value is substantially outweighed by the danger of unfair prejudice, confusion

22   of the issue, and misleading the court.  Defendants' Statement 76 mischaracterizes Mr.

23   Pedersen's deposition testimony.  Mr. Pederson's deposition testimony should be

24   considered in its context and entirety.  Fed. R. Evid. 106, 403.

25

26   <u>Separate Statement Paragraph 77</u>: Objection to the supporting Brooks Decl.,

27   Exhibit 1 at 123:19-124:3 on the ground that it is vague and ambiguous so that its

28   probative value is substantially outweighed by the danger of unfair prejudice, confusion

11

of the issue, and misleading the court. Defendants' Statement 76 mischaracterizes Pedersen's deposition testimony. Pederson's deposition testimony should be considered in its context and entirety. Duration of the agreement is also irrelevant to the issue of whether the parties had entered into an enforceable agreement. Fed. R. Evid. 106, 402, 403.

Separate Statement Paragraph 78: Objection to the supporting Brooks Decl., Exhibit 1 at 136:9-12 on the grounds that it is irrelevant and vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. Defendants' Separate Statement No. 76 mischaracterizes Mr. Pedersen's deposition testimony. Mr. Pederson's deposition testimony should be considered in its context and entirety. The terms for termination are also irrelevant to whether the parties had entered into an enforceable agreement. Fed. R. Evid. 106, 401, 402, 403.

Separate Statement Paragraph 79: Objection to the supporting Brooks Decl., Exhibit 1 at 140:9-141:11 on the grounds that it is irrelevant and vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. Defendants' Statement 76 mischaracterizes Pedersen's deposition testimony. Pederson's deposition testimony should be considered in its context and entirety. Fed. R. Evid. 106, 401, 402, 403.

Separate Statement Paragraph 84: Objection to the supporting Brooks Decl., Exhibit 2 at 151:20-152:3, Exhibit 3 at 129:9-130:4, and Declaration of Jim Nelson ("Nelson Decl."), paragraph 3 on the grounds that it is vague and ambiguous, and Defendants' Statement 84 misstates and mischaracterizes the evidence such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court. Fed. R. Evid. 106, 403.

Plaintiff Tech-4-Kids, Inc.'s Evidentiary Objections to Defendants' Separate Statement of Undisputed Facts in Support of Defendants' Motion for Summary Judgment

1

2        Separate Statement Paragraph 86: Objection to the supporting Brooks Decl.,

3    Exhibit 18 on the ground that it lacks foundation.  Statement 86 also mischaracterizes the

4    document.  Fed. R. Evid. 901, 403.

5

6        Separate Statement Paragraph 87: Objection to the supporting Brooks Decl.,

7    Exhibit 19 on the ground that it lacks foundation and authentication.  Fed. R. Evid. 901.

8

9        Separate Statement Paragraph 88: Objection to the supporting Brooks Decl.,

10   Exhibit 19 on the grounds that it lacks foundation.  Fed. R. Evid. 901.

11

12       Separate Statement Paragraph 89: Objection to the supporting Brooks Decl.,

13   Exhibit 25 on the ground that it lacks foundation, lacks authentication and constitutes

14   inadmissible hearsay.  Fed. R. Evid. 802, 901.

15

16       Separate Statement Paragraph 90: Objection to the supporting Brooks Decl.,

17   Exhibit 20 on the ground that it lacks foundation and authentication.  Fed. R. Evid. 901.

18

19       Separate Statement Paragraph 91: Objection to the supporting Brooks Decl.,

20   Exhibit 15 on the ground that it lacks foundation and is inadmissible hearsay.  Fed. R.

21   Evid. 802, 901.

22

23       Separate Statement Paragraph 96: The statement misstates the evidence in that it is

24   not a complete summary of the trade secret information identified by Tech-4-Kids.  Fed.

25   R. Evid. 403.

26       Separate Statement Paragraph 97: Objection to the supporting Brooks Decl.,

27   Exhibit 3 at 50:14-52:17 and Exhibit 2 at 75:9-77:18 on the grounds that they are vague

28   and ambiguous, and Defendants' Statement 97 misstates and mischaracterizes the

1   evidence such that its probative value is substantially outweighed by the danger of unfair

2   prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 106, 403.

3

4         Separate Statement Paragraph 98:  Defendants' Separate Statement No. 98

5   misstates and mischaracterizes the evidence such that its probative value is substantially

6   outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the

7   court.  Fed. R. Evid. 403, 802, 1002.

8

9         Separate Statement Paragraph 99:  Objection to the supporting Brooks Decl.,

10  Exhibit 26 on the grounds that it lacks foundation.  There is no evidence that the

11  information was provided by Rios.  Fed. R. Evid. 901.

12

13        Separate Statement Paragraph 104:  Objection to the supporting Brooks Decl.,

14  Exhibit 1 at 36:18-41:8 on the ground that it is vague and ambiguous so that its probative

15  value is substantially outweighed by the danger of unfair prejudice, confusion of the

16  issue, and misleading the court.  Defendants' Statement 104 mischaracterizes Pedersen's

17  deposition testimony.  Pederson's deposition testimony should be considered in its

18  context and entirety.  Fed. R. Evid. 106, 403.

19

20        Separate Statement Paragraph 105:  Objection to the supporting Brooks Decl.,

21  Exhibit 1 at 333:12-16, Exhibit 2 at 20:10-18 and Exhibit 3 at 32:14-18 on the ground

22  that it is vague and ambiguous so that its probative value is substantially outweighed by

23  the danger of unfair prejudice, confusion of the issue, and misleading the court.

24  Defendants' Statement 105 mischaracterizes the deposition testimony which should be

25  considered in its context and entirety.  Fed. R. Evid. 106, 403.

26

27        Separate Statement Paragraph 106:  Objection to the supporting Brooks Decl.,

28  Exhibit 3 at 28:12-25, 50:23-51:3 on the ground that it is vague and ambiguous so that its

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Defendants' Statement 106 mischaracterizes the deposition testimony which should be considered in its context and entirety.  Moreover, the witness speculates and lacks personal knowledge to the subject matter.  Fed. R. Evid. 106, 403, 602.

Separate Statement Paragraph 107:  Objection to the supporting Brooks Decl., Exhibit 3 at 22:7-24":10, 31:12-32:18 on the ground that it is vague and ambiguous so that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Defendants' Separate Statement No. 107 mischaracterizes the deposition testimony which should be considered in its context and entirety.  Fed. R. Evid. 106, 403.

Separate Statement Paragraph 109:  Objection to the supporting Nelson Decl., paragraph 8 on the ground that it lacks foundation, and the declarant lacks personal knowledge of the subject matter and provided improper lay witness opinion and legal conclusion.  Nelson does not explain his understanding of what constitutes a trade secret nor does he explain who he would know whether Tech-4-Kids' confidential information was used in Sport Dimension's bid to Costco.  Fed. R. Evid. 602, 701, 704.

Separate Statement Paragraph 110:  Objection to the supporting Rios Decl., paragraph 11 on the ground that on the ground that it is vague and ambiguous such that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and misleading the court.  Fed. R. Evid. 403.

Separate Statement Paragraph 111:  Objection to the supporting Brooks Decl., Exhibits 18 and 19 on the ground that they lack foundationThe statement mischaracterizes the exhibit.  Fed. R. Evid. 403, 901.

1  Separate Statement Paragraph 113: Objection to the supporting Brooks Decl.,

2  Exhibit 13 on the grounds that it lacks foundation, and is inadmissible hearsay and no

3  exception is appliable.  Fed. R. Evid. 802, 901.

4

5  Separate Statement Paragraph 114: Objection to the supporting Brooks Decl.,

6  Exhibit 2 at 142:24-143:1, 151:20-152:6 and Exhibit 3 at 113:16-114:7 on the ground that

7  they are vague and ambiguous so that their probative value is substantially outweighed by

8  the danger of unfair prejudice, confusion of the issue, and misleading the court.

9  Defendants' Statement 114 mischaracterizes the deposition testimony which should be

10  considered in its context and entirety.  Fed. R. Evid. 106, 403.

11

12  Separate Statement Paragraph 115: Objection to the supporting Brooks Decl.,

13  Exhibit 1 at 271:20-274:24 on the ground that it is vague and ambiguous so that its

14  probative value is substantially outweighed by the danger of unfair prejudice, confusion

15  of the issue, and misleading the court.  Defendants' Statement 115 mischaracterizes the

16  deposition testimony which should be considered in its context and entirety.  Fed. R.

17  Evid. 106, 403.

18

19  Separate Statement Paragraph 119: Objection to the supporting Brooks Decl.,

20  Exhibit 40 on the grounds that it lacks foundation, is inadmissible hearsay and no

21  exception is applicable, and the declarant lacks personal knowledge to the subject matter.

22  Fed. R. Evid. 602, 802, 901.

23

24  Separate Statement Paragraph 120: Objection to the supporting Brooks Decl.,

25  Exhibit 1 at 103:15-105:6 on the ground that it is vague and ambiguous so that its

26  probative value is substantially outweighed by the danger of unfair prejudice, confusion

27  of the issue, and misleading the court.  Defendants' Statement No. 120 mischaracterizes

28

the deposition testimony which should be considered in its context and entirety.  Fed. R. Evid. 106, 403.


Dated: May 13, 2012                         **GREENBERG TRAURIG, LLP**

                                            By:   _/s/ Valerie W. Ho_____
                                                  Valerie W. Ho
                                                  Jeffrey F. Yee
                                                  Michael S. Lawrence
                                                  Robert S. Freund

                                                  Attorneys for Plaintiff and Counterdefendant
                                                  TECH-4-KIDS, INC.